No. 46,555

Donna Scheibmeir, *Appellant,* v. Anita Dreiling, *Appellee.*

(502 P. 2d 854)

Opinion filed November 4, 1972.

*Jerry K. Levy,* of Michaud, Cranmer, Syrios and Post, of Wichita, argued the cause, and *Orval L. Fisher,* of the same firm, was with him on the brief for the appellant.

*Jerry G. Elliott,* of Foulston, Siefkin, Powers and Eberhardt, of Wichita, argued the cause, and *Robert M. Siefkin,* of the same firm, and *Apt* and *Apt,* of Iola, were with him on the brief for the appellee.

*Per Curiam:* This is an appeal from a summary judgment entered by the trial court upon defendant's motion. Plaintiff sued defendant to recover damages for injuries received when defendant's automobile, in which plaintiff was riding, was involved in a collision.

It is undisputed that plaintiff was a guest in defendant's car. Defendant was taking one of her children to the K. U. Medical Center in Kansas City. As they were traveling north on U. S. Highway 59, a few miles north of Garnett, with defendant's children asleep in the back seat, a car about one-quarter of a mile ahead of defendant's vehicle began to signal for a left turn off the highway and into a driveway. The highway is straight, smooth, wide open, and on a slight upgrade to the north. At the same time, a third car was approaching from the north, about one-quarter of a mile beyond the turning car. Defendant pulled into the left lane to pass the slowing vehicle. Plaintiff warned defendant of the approaching car. Defendant attempted to pull back into her lane, but did not succeed. The three cars collided.

A pretrial conference was held on November 13, 1970. Depositions of plaintiff and defendant were taken on January 8, 1971. No other depositions were taken although plaintiff stated there were two eyewitnesses to the collision. Defendant's motion for summary judgment was filed on April 27, 1971, and orally argued on June 2, 1971. The trial court's memorandum decision sustaining the motion was filed on June 18, 1971. Plaintiff did not file opposing affidavits, or any affidavits under K. S. A. 60-256 (*f*). Ample time was per-

mitted plaintiff to complete discovery and the record does not show that counsel asked for additional time to obtain affidavits or depositions as evidence to support plaintiff's position opposing summary judgment.

Both plaintiff and defendant testified that plaintiff never complained of defendant's manner of driving. Plaintiff said:

". . . I wouldn't think defendant would deliberately drive down the road to hurt me or her children, and when she became aware of the oncoming car she tried to turn back into our own lane. Defendant has never failed to heed any warnings or suggestions I have given her before."

The trial court, after consideration of the record at hand, ruled:

". . . [T]here is no genuine issue as to the material fact of wanton conduct on the part of the defendant. Granting plaintiff every reasonable inference, the fact of watonness is not remotely supported."

In *Gray v. Ray Gill, Frontier Industries, Inc.*, 208 Kan. 95, 490 P. 2d 615, this court said:

". . . [W]hen, as here, a party makes no suggestion to the trial court of any additional facts tending to support his position, he cannot escape summary judgment, if otherwise proper, on the mere hope that further discovery may reveal evidence favorable to his case. (Citing cases.) We are satisfied from the overall record that plaintiff is simply in no position now to challenge the order of summary judgment on the ground that it was prematurely granted." (p. 97.)

The record shows no abuse of discretion by the trial court. Plaintiff's admissions bar her recovery.

The judgment is affirmed.