No. 28,840.

Fred Geis, doing business as The Rent-a-Ford Company, *Appellant*, v. Ralph Mathes, *Appellee*.

(280 Pac. 759.)

Opinion filed October 5, 1929.

J. B. *Wilson*, of Lawrence, for the appellant.
Lester *Goodell* and Paul L. *Harvey*, both of Topeka, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action for breach of a special bailment contract. Defendant prevailed, and plaintiff appeals.

The material facts were these: Plaintiff conducted an establishment in Lawrence for the letting of automobiles for hire. On November 29, 1926, defendant hired one of plaintiff's cars on the terms of a written contract which defined the obligation of the borrower touching the care of the car and his liability for loss or

damage, and which expressly provided that failure to lock the steering wheel would render defendant responsible in case of theft.

Defendant signed the contract, took possession of the car, and drove it about the city. He called on a young woman at her place of abode and together they drove to a down-town theater, where he parked the car without locking the steering wheel. The car was stolen and discovered at Paul's Valley, Okla., a month afterwards. For the loss and damage, according to the items of plaintiff's account and which were not controverted, plaintiff sued for $198.41.

The action originated before a justice of the peace, and was appealed to the district court. The only defense relied on, and one which was successful below, was to this effect: Defendant testified that when he and his companion parked the car on the street near the theater he discovered that the key to the steering wheel was broken off in the lock so that it would not function. The young woman who accompanied him testified to the same effect. The trial court instructed the jury that if they believed that evidence, it would then devolve on the jury to determine whether the defendant acted reasonably in leaving the car unlocked on the street or whether reasonable diligence on his part required him to take the car back to the garage, which was only a block away. The instructions, in part, continued thus:

"Of course, if the key was broken he probably couldn't lock the car, yet he still owes some duty toward the person from whom he rented the car and being confronted with that condition it is for you to say whether or not he exercised this degree of care that a person should have exercised in the condition that he found himself confronted with, whether or not he was warranted in going off and leaving the car there unlocked or whether he should under the situation, have gone back down to the Rent-a-Ford, which was about a block away, and advised these people that he could not comply with the provisions in this contract with reference to locking the car because the key was broken, and that probably is the principal question of fact that you have to determine, whether or not Mr. Mathes acted as a reasonably prudent ordinary person would, being confronted with the situation that he was confronted with when he got there in front of that theater.

"If he did act in a proper manner and you don't think he should have gone back down there and advised Geis, then probably there shouldn't be any recovery on Geis' part. On the other hand, if he did not act the way he should have acted with reference to the care of the car, then Geis ought to recover."

The jury's verdict was in favor of defendant and judgment was entered in his behalf.

Plaintiff assigns error, contending that the rights of the parties

were expressly defined by the terms of the written contract, and since the evidence developed no vital dispute of fact he was entitled to judgment. The trial court's instruction quoted above was a very fair statement of the general law of bailments as applied to the facts of this case if there had been no express contract—if plaintiff had been content to let his automobile for hire according to the general principles of law which govern the scope of one man's obligation while in possession of another man's property. But this particular bailment was not left to the governance of these general principles of the law of bailments. In Berry on Automobiles, 5th ed., § 1505, it is said:

"If there is a special contract providing for the degree of care to be exercised by the hirer in the use and care of the automobile, he will be required to use such care as the contract prescribes. Thus, where a person hired a horse and buggy to drive to a certain town, and agreed to put the horse and buggy in a livery stable while there, but hitched the horse with the buggy to a public hitching rack and they were stolen, he was held liable in damages therefor."

The terms of the bailment contract which we have to consider were in writing, and the pertinent law of this case is simply the enforcement of the contract to which defendant set his hand, and particularly that clause of it, printed in capitals, which reads:

"Failure to lock steering wheel makes me responsible in case of theft.
(Signed)      "RALPH MATHES."

A plausible argument is made in behalf of defendant that because the key was broken off in the lock it was impossible for him to comply with the obligation which he had undertaken, and consequently his responsibility to take the requisite precaution to prevent the theft of the car was discharged. But having contracted to be responsible for theft if he left the steering wheel unlocked he assumed the risk of theft by not equipping himself to lock it. It is quite true that by the ordinary principles of the law of bailments the bailee is not responsible for loss of the bailed property by theft. But here, we must repeat, the ordinary rules of bailment law were superseded by the special contract; and it is not at all uncommon for bailees to be held liable for loss of the bailed property by theft. Such is the familiar responsibility of common carriers and like insurers of the safety of other men's goods. The defendant must be held to the obligation which he undertook, and the judgment of the district court is therefore reversed and the cause remanded with instructions to enter judgment in plaintiff's behalf.

HARVEY, J., not sitting.