No. 47,238

THE CONTINENTAL INSURANCE CO., *Appellant,* v. RALPH WINDLE, d/b/a WINDLE FORD COMPANY, *Appellee.*

(520 P. 2d 1235)

Opinion filed April 6, 1974.

*Robert J. Fleming,* of Weir, Angwin & Towner, of Pittsburg, argued the cause and was on the brief for the appellant.

*J. Curtis Nettels,* of White & Nettels, of Pittsburg, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is a subrogation action to recover the value of a truck destroyed by fire while in defendant's garage for repairs.

Plaintiff had an insurance policy covering the truck which was owned by Borg-Warner Corporation. Under the terms of the policy plaintiff paid the owner of the truck and thereafter instituted this action against defendant under its rights to subrogation. The petition disclosed the fire occurred on December 19, 1970. The action was commenced two years and four months thereafter, on April 30, 1973.

In response to plaintiff's petition, defendant filed a motion for summary judgment alleging the action was barred by the applica-

ble statute of limitations; namely, K. S. A. 1973 Supp. 60-513 (2). The trial court sustained defendant's motion and this appeal ensued.

The sole question presented is whether plaintiff's petition alleges an action grounded in contract and governed by the limitation (3 years) prescribed in K. S. A. 60-512 (1), as claimed by plaintiff, or whether the action alleged sounds in tort and, thus, is subject to the limitation of two years under 60-513 (2), as claimed by defendant and held by the trial court.

The record before us consists only of plaintiff's petition and defendant's motion for summary judgment; thus, our review is limited to consideration of the allegations of the petition. In such circumstances defendant's motion is tantamount to a motion to dismiss under K. S. A. 1973 Supp. 60-212 (b) (6) and may be sustained only when the allegations of the petition clearly demonstrate plaintiff does not have a claim for relief (*Keith v. Schiefen-Stockham Insurance Agency, Inc.*, 209 Kan. 537, 498 P. 2d 265). Concerning a motion for summary judgment it is well-established that in consideration thereof, the movant's adversary is entitled to the benefit of all reasonable inferences that may be drawn from the facts under consideration. (*Fairlawn Plaza Development, Inc., v. Fleming Co., Inc.*, 210 Kan. 459, 502 P. 2d 663; and *Rothwell v. Transmeier*, 206 Kan. 199, 477 P. 2d 960.) In *Hartman v. Stumbo*, 195 Kan. 634, 408 P. 2d 693, we held that where a defendant pleads a statute of limitation and moves for summary judgment and it appears that the action is barred by the appropriate statute and there is no genuine issue as to any material fact in connection with such statute, then the motion should be granted.

Turning to the petition in the instant case, it alleges a contract of bailment existed between defendant and Borg-Warner Corporation whereby defendant was a bailee for repair of the truck; that defendant has failed on demand to redeliver the truck and has failed and refused to pay Borg-Warner the value of the truck; and that by reason thereof defendant has breached the bailment contract.

Defendant maintains plaintiff merely seeks to avoid being barred from suit by claiming its cause is based upon an implied contract and casting its petition in the form of an action for breach of contract in order to come within the three-year limitation of 60-512 (1). Defendant says that plaintiff has sought to change the

essential character of the action from one of tort to one of contract thereby extending the limiting statute one year, but defendant asserts the nature of a cause of action is to be determined from the facts alleged rather than by what a pleader arbitrarily denominates it citing *Lungstrum v. State Highway Commission,* 177 Kan. 57, 276 P. 2d 346. In his brief defendant admits the law of bailments had its origins in the law of contract, but he says the Kansas cases, with the exception of *Jay-Ox, Inc., v. Square Deal Junk Co., Inc.,* 208 Kan. 856, 494 P. 2d 1103, have been brought and tried upon tort concepts. We agree with defendant that with the exception of *Jay-Ox* and the case of *Geis v. Mathes,* 128 Kan. 753, 280 Pac. 759, the Kansas cases involving bailment have been generally based in tort. However, defendant cites no case in which we have held a bailor to be foreclosed from seeking his remedy in contract.

Plaintiff takes the position that a bailor has a choice of remedies to recover for his bailee's breach of contract and violation of duties implicit in the relation between the parties. Plaintiff says his position is confirmed by our opinion in *Jay-Ox, Inc., v. Square Deal Junk Co., Inc.,* supra, and that the decision therein controls the disposition of the instant appeal.

The issue in the instant appeal must be determined upon the allegations of plaintiff's petition, the gist of which are: a bailment contract existed between the parties, it was breached by defendant, and that by reason of such breach plaintiff was damaged in the amount of $2,629.44, the value of the truck. Obviously, plaintiff has cast its petition in contract.

In the *Jay-Ox* case we considered a similar dispute concerning the applicable statute of limitations in a bailment case. The action was for a money judgment for steel cylinders which the bailee allegedly failed to return to the bailor. There was no written contract of bailment. However, the case, unlike that at bar, was fully tried and the evidence adduced included a written invoice which accompanied delivery of the steel tanks to bailee. The invoice provided that bailee, upon acceptance thereof, agreed to certain obligations imposed therein. We held the action was one sounding in contract and was timely filed. This statement appears in the opinion:

"Under some circumstances a bailor may have an election of remedies to pursue for conversion of the property; he may have an action in tort based

upon the wrongful act of conversion, or he may proceed in contract for failure to redeliver the property (8 Am. Jur. 2d, Bailments, § 289)." (p. 858.)

The applicable general rule is more fully stated in 8 Am. Jur. 2d, Bailments, § 281, p. 1168:

". . . A bailment is a contractual relation and assumpsit is essentially a proper legal form of action between the bailor and bailee in matters concerning the bailment or for breach of the bailment contract, whether the breach occurred through failure of the bailee to pay the proceeds received from an unauthorized disposition of the property or through the bailee's negligent failure to perform his duty of care, whereby the property was lost or injured. Actions in tort or sounding in tort may also be appropriate when the bailee's violation of a duty or obligation imposed upon him by the bailment is not only a breach of the bailment contract, but also a tort. The bailor, as a general rule, may elect to affirm the contract and, waiving the tort, bring his action ex contractu, or he may abandon the contract and proceed against the bailee in an action ex delicto. . . ." (p. 1169.)

To the same effect we find the rule enunciated in 8 C. J. S., Bailments, § 44 (b), p. 493:

"A choice of remedies ordinarily is available to a bailor for his bailee's breach of contract and violation of duties implicit in the relation between the parties."

See, also, cases collected in 57 A. L. R. 2d Anno., Limitations-Bailed Property, p. 1044.

Unlike the situation in *Jay-Ox*, where the case had been fully tried and the arrangements between the parties established by the evidence, we have only plaintiff's petition before us in the instant case. Concerning the construction to be given a pleading, we find this pertinent statement appearing in *Crabb v. Swindler, Administratrix*, 184 Kan. 501, 337 P. 2d 986:

". . . In construing a pleading, it has often been held by this court that where doubt exists as to whether the action is based on tort or on quasi or implied contract, words appropriate to an action for tort will be disregarded and the petition will be interpreted as counting in contract. (*Kipp v. Carlson*, 148 Kan. 657, 661, 84 P. 2d 899; *Dougherty v. Norlin* [147 Kan. 565, 78 P. 2d 65], supra, p. 569; and cases cited. . . ." (p. 507.)

We further note the rule generally adhered to that where there are two remedies for the enforcement of a right, the fact that one is barred by limitation does not bar the other. (51 Am. Jur. 2d, Limitation of Actions, Election of remedies; waiver of tort, § 106, p. 678; 53 C. J. S., Limitations of Actions, § 7, p. 926.)

In a final effort to sustain his position defendant submits the proposition that in the case of the two statutes with which we are concerned, 60-512 (1) permitting an action on an implied contract

within three years is general in nature, whereas 60-513 (2) allowing two years to bring an action for taking, detaining or injuring personal property, including actions for the specific recovery thereof is quite specific and must control. Defendant advances the well-known rule that where there is conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific legislation controls. (*Cutrel v. Best*, 169 Kan. 16, 217 P. 2d 270.) The rule is, of course, a well-recognized maxim to be applied where a conflict between statutes appears. The rule is inapplicable here for two reasons: First, we fail to discern any conflict between the statutes mentioned, one deals with actions upon contract the other with actions for the taking, detention or injury to personal property. Second, the language used in 60-512 (1):

"The following actions shall be brought within three (3) years: (1) All actions upon contracts, obligations or liabilities expressed or implied but not in writing. . . ."

appears to be no less specific than that employed in 60-513 (2).

The petition, which is all we have before us in the instant case, alleges a contract of bailment and the breach thereof. No relief is sought for the detention of or injury to property. True, specific terms of the contract, whether expressed or implied, are not alleged, but no point is made in this regard.

We hold plaintiff-bailor has a choice of remedies and that his position states a cause of action sounding in contract.

The judgment is reversed and the cause remanded for further proceedings.