No. 46,069

ROBERT GRAY, *Appellant,* v. RAY GILL, FRONTIER INDUSTRIES, INC., AL MOLLENKAMP and ELBERT L. PATTON, (AL MOLLENKAMP, *Appellee.*)

(490 P. 2d 615)

Opinion filed November 6, 1971.

*Albert J. Kirk,* of Wichita, argued the cause, and *Vincent L. Bogart,* of Wichita, was with him on the brief for the appellant.

*J. Eugene Balloun,* of Great Bend, argued the cause, and *Lee Turner,* of Great Bend, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This action involves the alleged fraudulent diversion of assets consisting of stock certificates loaned by plaintiff to three corporations in which defendant Mollenkamp had an interest. The district court sustained a motion for summary judgment in favor of Mollenkamp, and plaintiff has appealed.

The propriety of the order granting summary judgment is attacked on the grounds that (1) discovery had not been completed, and (2) inasmuch as there was evidence tending to establish the liability of Mollenkamp as a corporate director and officer, he was not entitled to judgment as a matter of law.

When ruling on the motion for summary judgment, the lower court had before it the pleadings and several discovery depositions from which we piece together the following, somewhat complex factual situation.

Plaintiff is an optometrist living in Ellsworth, Kansas. In May 1966, he, together with Ray Gill and certain other individuals organized Southwest Securities, Inc., which began doing business as a brokerage firm. When plaintiff became "discouraged," Gill arranged for the sale of plaintiff's interest to Mollenkamp in December 1966. Gill and Mollenkamp became the only stockholders in the company. Although there was evidence Mollenkamp may have been made an officer and director, he took no active part in running the business. His relationship with Gill and Southwest Securities was described in his words as ". . . [A]ll I know is farming and that's all I done was dish out the money and he spent it."

Slope Sales, Inc., another corporation, was formed in January 1967, with Gill and Mollenkamp being the sole stockholders. The corporation's name was changed to Frontier Industries, Inc., in June 1967: The evidence was undisputed that Mollenkamp did little, if anything, in managing or controlling the affairs of the three corporations. This was left solely to Gill, who was the moving force in the entire venture.

About May 1, 1967, Gill requested plaintiff to loan him some stock "to get him over a rough spot." Plaintiff agreed to the loan for a period of three weeks and gave Gill a general stock power. In return for the stock, Gill executed two receipts—one signed "Frontier Industries, Ray Gill, President," the other signed "Southwest Securities, Inc., by Ray L. Gill." According to plaintiff's own testimony, he believed the stock was being loaned to all three corporations (Southwest Securities, Slope Sales and Frontier Industries) with which Gill was associated. Plaintiff further stated he knew the stock was to be pledged as collateral for loans to one or more of the corporations.

Later in the year of 1967, Southwest Securities was placed in receivership and plaintiff's stock was never returned. As nearly as we can tell, the stock had been pledged to the National Bank of Wichita as collateral for loans to one or more of the three corporations, and part of the loan funds were subsequently diverted by Gill to his own use.

Plaintiff instituted this action against Mollenkamp, Gill, and Frontier Industries, Inc., seeking to recover the sum of $13,500. Only Mollenkamp, in whose favor summary judgment was granted, is involved as appellee in this appeal.

As his first point, plaintiff contends the case was not ripe for

summary judgment because discovery had not been completed. The record discloses that at the time the motion was considered, all of the principals in the case, including Gill and Mollenkamp, had been deposed. On August 13, 1969, when the taking of depositions was completed, Mollenkamp's counsel informed plaintiff's attorney of his intention to file a motion for summary judgment which would be taken up at the pre-trial conference scheduled for August 28. Plaintiff's counsel agreed to the hearing of the motion on the 28th saying he expected to have all his evidence in by that time. Although the journal entry reflects that plaintiff consented to the hearing of the motion, plaintiff's counsel has filed an affidavit stating that the trial court was advised at the hearing that he had not completed discovery proceedings, and "further discovery may reveal further evidence supporting plaintiff's position." In his brief, plaintiff states, "There were a number of loose ends which needed to be tied down and which, hopefully, would have been done by additional discovery."

Ordinarily, a motion for summary judgment should not be granted when the opposing party is proceeding diligently with his pre-trial discovery, but has not had an opportunity to complete it. (*Lawrence v. Deemy*, 204 Kan. 299, 461 P. 2d 770; *Timmermeyer v. Brack*, 196 Kan. 481, 412 P. 2d 984; *Brick v. City of Wichita*, 195 Kan. 206, 403 P. 2d 964.) On the other hand, when, as here, a party makes no suggestion to the trial court of any additional facts tending to support his position, he cannot escape summary judgment, if otherwise proper, on the mere hope that further discovery may reveal evidence favorable to his case. (See, *Sade v. Hemstrom*, 205 Kan. 514, 471 P. 2d 340; *Meyer, Executor v. Benelli*, 197 Kan. 98, 415 P. 2d 415.) We are satisfied from the overall record that plaintiff is simply in no position now to challenge the order of summary judgment on the ground that it was prematurely granted.

Turning to the second point, we find plaintiff asserting that the motion for summary judgment was improperly sustained because there was evidence tending to show Mollenkamp was negligent in performing his duties as a corporate director and officer. This argument requires an examination of the theory of recovery presented to the trial court.

The petition alleged that Mollenkamp and Gill were guilty of "conspiracy to defraud" plaintiff of his stock certificates (a) by

*fraudulently* diverting assets from Southwest Securities and Frontier Industries to Slope Sales, and (b) by pledging the stock certificates to the National Bank of Wichita without plaintiff's authority. The theory of recovery as refined in the pretrial order is evident from the statement of issues to wit: "Did defendants, or either of them, *fraudulently* divert assets from Southwest Securities, Inc.; and if there was such a diversion of assets, did this diversion of assets render either or both the defendants liable to plaintiff?" There seems little question but that at the trial court level plaintiff's claim against Mollenkamp sounded in fraud or conspiracy to defraud rather than negligence as now urged by plaintiff on appeal.

The alleged conspiracy between Gill and Mollenkamp is not supported by any evidence whatsoever. At most, we have only the general allegation of conspiracy in the petition which, even before the new code of civil procedure, was insufficient to state a cause of action. In *Sullivan v. Paramount Film Distributing Co.,* 164 Kan. 125, 187 P. 2d 360, this court said:

". . . [I]t is the established rule that the general charge of the formation of a conspiracy is not an allegation upon which liability may be predicated. It is the specific action done under conspiracy which results in damage to a party that forms the basis for a cause of action. (*Stoner v. Wilson,* 140 Kan. 383, 36 P. 2d 999; *Rogers v. J. R. Oil and Drilling Co.,* 149 Kan. 807, 89 P. 2d 847.)" (P. 130)

Likewise, there is no evidence to support plaintiff's allegation that Mollenkamp himself was guilty of fraud by diverting plaintiff's stock certificate from one corporation to another, or by pledging the stock to the bank without plaintiff's authority. Plaintiff's own testimony was to the effect the stock was loaned to the three corporations with full knowledge it was to be pledged as collateral for loans in financing the corporation. Evidence is lacking that Mollenkamp was aware of Gill's activities with respect to his financial dealings for and on behalf of the corporations. The only evidence tending to show any diversion of assets was that Gill alone may have used some of the loan proceeds (obtained with plaintiff's stock pledged as collateral) to make good a bad check for $13,500 given to "Micro Lite," another corporation with which Gill had some connection. There is nothing to indicate however, that Mollenkamp was involved in the transaction.

In the absence of some evidence tending to establish that Mollenkamp was personally involved with the alleged fraud perpetrated

by Gill, or that he in some way participated in it, he cannot be held liable simply because he was a director or officer. In 37 Am. Jur. 2d, Fraud and Deceit § 322, P. 425, we find this statement:

"The cases are agreed that a director or officer of a corporation is not liable, merely because of his official character, for the fraud or false representations of the other officers or agents of the corporation or for fraud attributable to the corporation itself, if such director or officer is not personally connected with the wrong and does not participate in it."

Also, see Anno., 32 ALR 2d 231, § 26.

The record fails to disclose any attempt by plaintiff to amend his pleadings or to modify the pre-trial order to include negligence as a basis of recovery. Nor is there any indication that the negligence theory he now advances was ever argued or presented to the trial court when the summary judgment motion was heard.

Negligence and fraud are not identical either in their nature or effect. Negligence involves the absence of proper attention to duty, while fraud is always a positive and willful device resorted to with intent, in some manner, to injure another. (*Greeley Nat. Bank v. Wolf*, 4 Fed. 2d 67, 70 [C. C. A. Colo., 1925]; Black's Law Dictionary [Rev. 4th Ed.], P. 789.)

A litigant may not for the first time on appeal change the theory of his case from that on which it was presented to the trial court. Plaintiff is therefore bound by the theory of recovery adopted in his pleadings in the pre-trial order.

The law is clear that before a summary judgment may be granted, the record before the court must show conclusively that there remains no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A popular formula often used by the courts is that summary judgment should be granted on the same kind of showing as would permit direction of a verdict were the case to be tried. (K. S. A. 60-256 [c]; *Hastain v. Greenbaum*, 205 Kan. 475, 470 P. 2d 741; *Lawrence v. Deemy*, supra.)

Giving plaintiff the benefit of all inferences that reasonably may be drawn from the facts under consideration, we must conclude that there was no evidence to establish fraud or conspiracy to defraud on the part of Mollenkamp and he was entitled to judgment as a matter of law.

The judgment is affirmed.