No. 47,310

ARABELLA ESSMILLER, *Appellant,* v. SOUTHWESTERN BELL TELEPHONE Co., a Corporation, and MYERS WATER WELL SERVICE, INC., a Corporation, jointly and severally, *Appellees.*

(524 P. 2d 767)

Opinion filed June 15, 1974.

*Kenneth E. Havner,* of Great Bend, argued the cause, and *Larry L. Kopke,* of Great Bend, was with him on the brief for appellant.

*Tom Berscheidt,* of Hampton & Ward, of Great Bend, argued the cause and was on the brief for appellees, and *Robert P. Keenan* and *Larry E. Keenan,* of Keenan & Keenan, of Great Bend, were with him on the brief for appellee Southwestern Bell Telephone Co., a Corporation. *T. Larry Barnes and Phillip McConnell,* of counsel, of Topeka, appeared on the brief for Southwestern Bell Telephone Co., a Corporation.

The opinion of the court was delivered by

FATZER, C. J.: This is an action to recover damages for personal injuries suffered by Arabella Essmiller when she stepped into a trench located on her premises.

In September 1969, Southwestern Bell Telephone Company entered into a contract with Myers Water Well Services, Inc., for

the installation of underground telephone cables to various residences within the city of Great Bend, Kansas. Prior to installing the service cable, the plaintiff was informed by an employee of Myers that it would be necessary to dig a trench across her property. Employees of Myers arrived at the Essmiller residence on September 25, 1969, and began opening a trench across plaintiff's property. The plaintiff was present at that time and visited with the workmen.

When completed, the trench traversed the backyard of the plaintiff from the alley to a point near the foundation of her house, and crossed both the garage driveway and a pathway in the backyard. The trench was approximately four and one-half inches wide and from twelve to eighteen inches in depth.

On Saturday, September 27, the plaintiff was advised by two of Myers' employees that they would not be able to complete the installation and therefore the trench across her property would be left open until the following Monday. That part of the trench which crossed the entrance to the garage was filled in to enable the plaintiff to remove her automobile. On Sunday, September 28, the plaintiff departed her house before noon and did not return until after 5:00 o'clock p. m. Later that evening, the plaintiff went into her yard and turned on the lawn sprinkler. At approximately 8:30 p. m., she went out to turn off the lawn sprinkler and then walked around to her backyard. While walking in her backyard, the plaintiff stepped into the trench causing the injuries complained of.

With respect to the accident, the plaintiff testified during cross-examination as follows:

"Q. So the jury understands, then you walked out here and you were looking at Mr. Fisher?

"A. I looked over that way and never even thought, I turned around and stepped right into that hole.

"Q. You remember testifying in your deposition that you knew the ditch was there but you just didn't think about it?

"A. I wasn't used to having a ditch there.

"Q. You are not telling the jury you didn't know it was there?

"A. I knew it was there but I made that trip so many times I didn't think about a ditch being there."

This action was filed by the plaintiff in September 1971, against Southwestern Bell Telephone Company and Myers Water Well Service, Inc., as co-defendants. Both Bell and Myers answered that at the time of the accident Myers was acting as an independent contractor pursuant to a contract, and that the construction work was under Myers' control. Bell also filed a cross-claim against Myers

seeking indemnification for any judgment which might be entered against it.

Prior to trial, Bell moved for summary judgment based on the independent contractor relationship existing between the defendants. The district court sustained the motion, and the case was tried to a jury with Myers as the only defendant. Following a two-day trial the jury returned a general verdict in favor of Myers.

The plaintiff has appealed from the ruling of the district court sustaining Bell's motion for summary judgment, and alleged errors relating to the trial.

We shall first consider whether the district court erred in sustaining Bell's motion for summary judgment. A motion for summary judgment may be granted when the record before the court shows conclusively there remains no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. (*Brick v. City of Wichita,* 195 Kan. 206, Syl. ¶ 1, 403 P. 2d 964; *Bud Jennings Carpets & Draperies, Inc. v. Greenhouse,* 210 Kan. 92, 499 P. 2d 1096; *Dawson v. Dawson,* 212 Kan. 711, Syl. ¶ 1, 512 P. 2d 522.) In *Ebert v. Mussett,* 214 Kan. 62, 519 P. 2d 687, we discussed principles applicable to the granting of summary judgment, and said:

". . . A material fact is one on which the controversy may be determined. The manifest purpose of a summary judgment is to avoid trial where there is no real issue of fact. In considering a motion for summary judgment, the court should not attempt to determine factual issues, but should search the record to determine whether factual issues do exist. Where there is a reasonable possibility of their existence, summary judgment will not lie. The court should give to the party against whom summary judgment is sought the benefit of all inferences that may be drawn from the facts under consideration. (*Lawrence v. Deemy,* 204 Kan. 299, 461 P. 2d 770.)" (l. c. 65.)

The plaintiff admits the relationship between Myers and Bell was that of an independent contractor. She contends Bell is within two of the many exceptions to the general rule that the employer of an independent contractor is not liable for the torts or negligence of his contractor, or that of the said contractor's servants. (See *Phillips Pipe Line Co. v. Kansas Cold Storage, Inc.,* 192 Kan. 480, 389 P. 2d 766; Restatement [Second] of Torts, §§ 410-429 [1965]; 41 Am. Jur. 2d, Independent Contractors, § 24, *et seq.*) Succinctly stated, the plaintiff contends the construction work occurring on her property was inherently dangerous and Bell was negligent in supervising the trenching work. We note that in the district court's memorandum decision sustaining the summary judgment, it stated:

"The Court has, since the argument, studied the transcripts of the depositions along with the interrogatories and other evidence in the matter and makes the following determinations:

". . . [T]he Court from any reading of the interrogatories along with the depositions can find no material fact of issue as between the plaintiff and the defendant, Southwestern Bell Telephone.

". . . There is no evidence shown by the plaintiff that there was any control over the actions of Myers by Southwestern Bell and in fact the plaintiff admitted at the Pre-trial that other than relying on an agency type situation that they had no independent affirmative issues of negligence."

Under the facts and circumstances disclosed by the record, we are of the opinion the activity in question was not inherently dangerous to a prudent person such as the plaintiff, who was fully apprised of the situation. Moreover, her evidence failed to show any act of negligence on the part of Bell.

As indicated, the case arose as a result of a homeowner stepping into a four and one-half inch wide trench in her backyard. The opening was created for the purpose of laying cable to plaintiff's residence at her request. She was advised of the activity and informed the trench was being left open. Under such facts we do not believe the activity involved constituted an unreasonable risk of harm. In view of this conclusion, it is unnecessary to consider the plaintiff's contention that Bell had a duty to perform all aspects of its franchise in a safe manner. (Restatement [Second] of Torts, § 428.)

Summary judgment should be rendered when the pleadings, depositions, interrogatories, and admissions before the district court show there is no genuine issue as to any material fact. (*DeBauge Bros., Inc. v. Whitsitt*, 212 Kan. 758, 512 P. 2d 487.) A party cannot evade summary judgment on the mere hope that some thing may develop at the trial. (*Meyer, Executor v. Benelli*, 197 Kan. 98, 415 P. 2d 415; *Gray v. Ray Gill, Frontier Industries, Inc.*, 208 Kan. 95, 490 P. 2d 615.) We find no error in the district court's granting of summary judgment.

The plaintiff next contends the district court erred by not admitting the executed contract into evidence. The argument centers on plaintiff's interpretation of three provisions in the contract relating to safety and precautionary measures. According to the plaintiff, those provisions placed a higher standard of care on the defendant Myers. The point is not well taken.

We have reviewed the contract provisions in question and are of

the opinion they do not create a higher duty than the implied duty to perform the contracted work in a skillful, diligent, and workman-like manner. Here, the plaintiff in her petition alleged generally that Bell and Myers were negligent and said negligence caused her injuries. The issue of fact in question, as contained in the pretrial order, was stated as follows:

"Whether the defendant, Myers Water Well Service, in the exercise of reasonable care, should have covered, filled or barricaded said ditch and the failure to do the same renders said defendant negligent."

No objection was made by plaintiff to this issue of fact. The plaintiff now asserts she is a third party beneficiary of the contract in question. The fallacy with this contention is that she neither pleaded she was a third party beneficiary, nor does the record contain evidence to indicate this theory was presented to the district court. Plaintiff is bound by the theory of recovery adopted in her pleading and in the pretrial order. (*Gray v. Ray Gill, Frontier Industries, Inc.,* supra.) Additionally, the party seeking reversal because of the exclusion of evidence has the burden of showing prejudice as well as error in the ruling. (*Langley v. Byron Stout Pontiac, Inc.,* 208 Kan. 199, 491 P. 2d 891.) Plaintiff has not met this burden.

Three specifications of alleged error raised by the plaintiff relate to a comment made by the district court during the plaintiff's examination of Clarence Myers, president of Myers Water Well Services, Inc. Mr. Myers was the first witness called by the plaintiff. The record regarding this point discloses the following dialogue:

"MR. BERSCHEIDT: Your Honor, Mr. Kopke called him as his witness and the last four questions have been leading. Although they are preliminary, I think we should follow the ground rules.

"MR. KOPKE: May I respond to that please?

"THE COURT: The objection for the time being is overruled and he is the defendant and until such time as you can show me that he is going to be a hostile witness or such a thing you are not going to ask him any leading questions.

"MR. KOPKE: May I be heard on that point?

"THE COURT: If we are heard on the point we will have to do it outside of the presence of the jury and that is the ruling that I am making at the present time.

"MR. KOPKE: Your Honor, are you aware of K. S. A. 60-243 where it says I specifically have the right to lead and cross examine any way I want to of an adverse witness? It does not have to be hostile.

"MR. BERSCHEIDT: If we argue, Your Honor, we will be here all day.

"MR. KOPKE: I have the statute 60-243-B.

"THE COURT: It doesn't say what you are saying at all. You still have to show that he is hostile not just adverse and that is my ruling. Now, you may proceed.

"MR. KOPKE: So I might understand the Court's ruling, are you saying I can't use leading questions?

"THE COURT: At this point you can't but I just overruled his objection because I don't think it makes any difference whether they are leading or not leading up to this point.

"MR. KOPKE: Okay."

The relevant statute, K. S. A. 1973 Supp. 60-243 (*b*), reads as follows:

"A party may interrogate any unwilling or hostile witness by leading questions. A party may call an adverse party or an officer, director, or managing agent of a public or private corporation or of a partnership or association which is an adverse party, and interrogate him by leading questions and contradict him and impeach him in all respects as if he had been called by the adverse party, and the witness thus called may be contradicted and impeached by or on behalf of the adverse party also, and may be cross-examined by the adverse party only upon the subject matter of his examination in chief."

The second sentence of 60-243 (*b*) allows a party to call to the stand an adverse party *or* an officer of a private corporation that is an adverse party. That witness may be interrogated by leading questions. In the instant case, Myers, an officer of a private corporation, was an adverse party. (See Vernon's Kans. Stat. Ann. [Fowks, Harvey & Thomas], Code of Civil Procedure, § 60-243.) The district court erroneously interpreted the statute; however, we do not believe its ruling or its response prejudiced the plaintiff's case. No complaint is made by the plaintiff of not being able to elicit necessary testimony from Myers. In fact, the summary of his testimony clearly shows he responded fully to counsel's questions. When viewed in its entirety, the plaintiff's claim of prejudice cannot be sustained.

We have carefully studied other points raised by the plaintiff and it would serve no useful purpose to extend this opinion by detailing the evidence presented. The context in which the alleged prejudicial errors occurred shows plaintiff's claims to be unfounded. It is not the prerogative of this court on appeal to weigh the evidence. (*Fairbanks v. Hodschayan*, 212 Kan. 545, 512 P. 2d 1042; *Rymph v. Derby Oil Co.*, 211 Kan. 414, 507 P. 2d 308.) A general verdict for the defendant without special questions, resolves all controverted questions of fact against the plaintiff. A general verdict will

not be disturbed on appeal if there is any evidence or inferences to be drawn therefrom which support the verdict. (*Cole v. Dirkson,* 202 Kan. 431, 449 P. 2d 584; *Montgomery v. Morgenson,* 213 Kan. 167, 515 P. 2d 746.)

The judgment is affirmed.