No. 47,559

RUSSELL CHERRY, JAMES CONDON, DARRELL CROSBY, ROBERT E. HOWELL and LARRY MILLER; and all others similarly situated, *Appellants*, v. VANLAHI, INC., and HARTER & SONS, INC., *Appellees*.

(531 P. 2d 66)

Opinion filed January 25, 1975.

*Rodney H. Busey*, of Arvin, Arvin & Busey, Chartered, of Wichita, argued the cause, and *Robert A. Powell*, of the same firm, was with him on the brief for the appellants.

*Jerry L. Griffith*, of Derby, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

FROMME, J.: The plaintiffs filed this action to require the City of Derby to reassess special tax assessments levied in 1970 to pay for street and sewer improvements in Holbrook Addition to the City of Derby. In the alternative plaintiffs prayed for a money judgment against Vanlahi, Inc. and Harter & Sons, Inc., the previous owners and developers of the addition. The plaintiffs allege in their petition that the cost of these street and sewer improvements is illegally spread against their properties. Their claim of illegality is based upon allegations that other property owned by Vanlahi, Inc. was benefited by the improvements but was not included in the improvement district subject to the cost.

The plaintiffs do not contend that the city failed to comply with the procedural requirements set forth in the general improvement and assessment law (K. S. A. 1973 Supp. 12-6a01, *et seq.*). Their quarrel with the special tax levy is based solely upon the action of the city governing body in determining the area benefited by the improvements and in designating the area as the improvement district. This determination was made by the city in 1970.

The trial court dismissed the action against the City of Derby. The dismissal was based upon K. S. A. 12-6a11 which reads:

"No suit to set aside the said assessments or otherwise question the validity of the proceedings shall be brought after the expiration of thirty (30) days from the publication of the ordinance fixing said assessments."

The 30-day period for bringing such an action had long since expired when the present action was filed in 1973. No appeal has been taken from this order of dismissal and we are not concerned with any claim against the city.

However, the trial court refused to apply the statute in favor of the other defendants, Vanlahi, Inc. and Harter & Sons, Inc., and they have preserved the question by cross-appealing from that part of the order.

After interrogatories were submitted to and answered by the plaintiffs, the defendants filed a motion for summary judgment. This motion was sustained by the trial court. The basis for entering that judgment is not set forth in the court's order. Looking to the defendants' motion we find three grounds stated: "I. That more than two (2) years have expired since the commencement of the alleged wrongful acts on the part of the defendants. The Statute of Limitations have [sic] expired. II. That the defendants were the owners of the property at the time the alleged wrongful actions occurred and the plaintiffs bought the property from the defendants subject to these existing assessments. III. That this is not a proper class action."

The exact basis upon which the summary judgment rests is further obscured by the record and briefs filed in this appeal. Plaintiffs-appellants in their statement of points list six separate reasons why the trial court erred in sustaining defendants' motion for summary judgment. However, their brief speaks to only four and these are under differently worded headings.

The defendants-appellees, not being content to answer the four points presented in appellants' brief, separate their argument under six headings. The headings adopted by them do not follow either

the appellants' statement of points or the points argued by the appellants. Accordingly, the briefs of the opposing parties are like strangers who nod politely as they pass on separate ways.

No question has been raised as to the sufficiency of the statement of points so we will not base our decision on requirements of our rules. (See Rule No. 6 [*d*], Rules of the Supreme Court, 214 Kan. xxiii.)

In all contested matters submitted to a judge without a jury, the judge shall, in addition to stating the controlling facts required by K. S. A. 60-252, briefly state the legal principles controlling the decision. (Rule No. 116, Rules of the Supreme Court, 214 Kan. xxxvii.) The above rule applies to summary judgments entered by a trial judge. Compliance with the rule would have alleviated some of our problems in this appeal.

The judgment of a trial court, if correct, should be sustained on appeal even though the court may have relied on an erroneous reason for its decision. (*Tripp v. The Reliable Life Insurance Co.,* 210 Kan. 33, Syl. ¶ 2, 499 P. 2d 1155.) In the present appeal no reason, erroneous or otherwise, is given for the decision. However, a summary judgment entered by a trial court, if correct, should be sustained on appeal if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, appearing in the record show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (See K. S. A. 60-256 [*c*] and case annotations listed thereunder.)

Before proceeding further we will review some of the facts disclosed by the pleadings and files. The claim of illegal action against the city governing body is based upon failure to include two additional areas (Reserve A and Reserve B) within the boundaries of the improvement district. These areas were assessed for one half the cost of a street (Mary Etta Street) which separates the improvement district from "Reserve A and B". However, "Reserve A and B" were not placed in the improvement district and are not burdened with the cost of sewer and street improvements constructed in the adjacent improvement district. The area within the improvement district is platted and contains 91 building lots served by sewer improvements and by two internal streets. The adjacent areas, "Reserve A and B", are not divided into building lots and no sewer or street improvements were made within their boundaries. Sewers

from the improvement district were stubbed into "Reserve A and B" which are a part of the Holbrook Addition.

Vanlahi, Inc. was the owner and Harter & Sons, Inc. was the developer of Holbrook Addition to the City of Derby when the improvements were made in 1970 and when the improvement district was defined. The improvement district was defined by the city acting under authority of K. S. A 1973 Supp. 12-6a01, *et seq.* The ordinance required to fix the amounts of the special tax assessments to pay for the improvements was published. The 30-day period within which suits may be brought to set aside or question the assessments had expired before any of the plaintiffs acquired an interest in this property.

This action was filed in 1973, more than two years after the bar of the statute fell. Some of the plaintiffs had acquired their properties direct from Vanlahi, Inc. and Harter & Sons, Inc., while others purchased their properties from intermediate purchasers. The plaintiffs purchased subject to the special tax assessments of record in the office of the city clerk. (See K. S. A. 12-6a09.) They make no claim that they were in any way prevented from determining such amounts prior to purchase. They merely allege they did not know said assessments were illegally spread until sometime in March of 1972. They claim the assessments were illegal because the city, acting in consort with the owner and the developer, failed to include "Reserve A and B" in the improvement district.

The appellants rely heavily on *Snyder Realty Co. v. City of Overland Park,* 208 Kan. 273, 492 P. 2d 187, to support their claim that the improvement district was improperly constituted and that the special tax assessments should be reassessed and relevied against an expanded improvement district. The case cited is not applicable here and will not support such a conclusion. In the *Snyder Realty Co.* case, the action to enjoin the special tax assessment against plaintiff's real estate was filed within the 30-day period limited by K. S. A. 12-6a11. Therefore in that case it was permissible to inquire into whether the governing body acted in good faith and within the standards imposed by the improvement and assessment law. This is not true here.

In our present case appellants' cause of action depends upon appellants' ability to question the proceedings, establish illegality and set aside the 1970 assessments. They are prevented from doing so by the bar of the 30-day statute.

In *Schenk v. Kansas City,* 134 Kan. 181, 5 P. 2d 842, this court speaking of the effect of a similar thirty-day statute of limitations states:

". . . The idea that taxpayers may sit idly by while public improvements are made and while the city incurs obligations to pay for them, and then after the lapse of years institute proceedings challenging the validity of such city's obligations, and the assessments and levies made to meet them, does not address itself favorably to a court of equity. Time and again this court has said that belated proceedings seeking to defeat payment for public improvements are not looked upon with favor. [Citations omitted.]" (p. 185.)

It should be pointed out that the one-count petition filed in this case sets forth but a single claim based upon the alleged improper action of the city in defining the boundaries of the improvement district. No separate claim of fraud or misrepresentation in the sale of the properties to the plaintiffs-appellants is alleged. Given the most liberal interpretation the language in the petition cannot serve as a basis upon which to predicate a claim of fraud and misrepresentation against Vanlahi, Inc. and Harter & Sons, Inc. K. S. A. 60-209 (*b*) requires that a party set forth with particularity the circumstances constituting fraud or mistake. No specific facts constituting fraud appear in appellants' petition in this case.

The appellants next argue that a proper class action was stated in the petition. The appellees contend otherwise. Whether or not a proper class action was pleaded would have little bearing in this case on the question of the propriety of entering summary judgment. The 30-day limitation on bringing the action would apply in either event. In addition, failure to plead an action which can be prosecuted as a class action under K. S. A. 1973 Supp. 60-223 is not fatal to a plaintiff's action based on his individual rights. (*Schupbach v. Continental Oil Co.,* 193 Kan. 401, 394 P. 2d 1.)

One final contention of the appellants should be mentioned. They argue that judgment should not have been granted because the appellees had not had time to answer appellants' interrogatories. Generally a motion for sumary judgment should not be granted if the opposing party is proceeding with pretrial discovery and has not had an opportunity to complete it. (*Lawrence v. Deemy,* 204 Kan. 299, 302, 461 P. 2d 770.) However, appellants do not contend there were discoverable facts which would remove the bar of the statute of limitations. When the pleadings and files conclusively show that the only cause of action pled in the petition is barred by an applicable statute of limitations, and no suggestion is made to

the trial court of any additional facts tending to remove the bar of the statute, the petitioner cannot escape summary judgment merely because pretrial discovery is not complete. (*Gray v. Ray Gill, Frontier Industries, Inc.,* 208 Kan. 95, 97, 490 P. 2d 615; *Sade v. Hemstrom,* 205 Kan. 514, 521, 471 P. 2d 340; *Meyer, Executor v. Benelli,* 197 Kan. 98, 100, 415 P. 2d 415.)

Accordingly we hold that plaintiffs' claim against the defendants-appellants is essentially one to question the validity of proceedings under K. S. A. 1973 Supp. 12-6a01, *et seq.,* the general improvement and assessment law, and that such a suit cannot be successfully maintained after the expiration of thirty (30) days from the publication of the ordinance fixing said assessments.

The judgment is affirmed.