No. 47,764

STANTON P. JOHNSTON, *Appellant*, v. FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, and D. D. SKUPA, *Appellees*.

(545 P. 2d 312)

Opinion filed January 24, 1976.

*Fred W. Phelps*, of Topeka, argued the cause and was on the brief for the appellant.

*William L. Mitchell*, of Hutchinson, and *H. W. Fanning*, of Kahrs, Nelson, Fanning, Hite and Kellogg, of Wichita, argued the cause, and were on the brief for the appellees.

The opinion of the court was delivered by

KAUL, J.: The question presented in this appeal is whether the trial court properly entered summary judgments for defendants on the grounds that plaintiff's causes of action were barred by the applicable statute of limitations.

The plaintiff-appellant Stanton P. Johnston was a longtime employee of defendant-appellee Farmers Alliance Mutual Insurance Company (hereafter referred to as Alliance). Defendant-appellee D. D. Skupa is President and General Manager of Alliance. Plaintiff instituted this action for damages against defendants as a result of the termination of his employment. Omitting the first paragraph, describing the corporate structure of Alliance and the last paragraph consisting of the prayer, plaintiff's petition reads as follows:

"II. The defendant D. D. Skupa is President and General Manager of the defendant corporation.

"III. Plaintiff was an employee of the defendant for 27 years until May, 1972.

"IV. Approximately two or three years prior to his termination with the defendant, plaintiff discovered an embezzlement which exceeded $100,000 and reported it to his superiors. From that time forward plaintiff's relationship with the defendant deteriorated and the plaintiff's act of loyalty was the cause of such a result.

### "FIRST CAUSE OF ACTION

"V. Plaintiff's firing was motivated by bad faith or malice and was based on retaliation for the plaintiff's act of loyalty to the defendant's policy holders.

### "SECOND CAUSE OF ACTION

"VI. Plaintiff's firing by the defendant constitutes a tort of outrage.

### "THIRD CAUSE OF ACTION

"VII. The defendant D. D. Skupa interfered with the plaintiff's contractual relationship with the corporate defendant and committed the tortious interference with plaintiff's employment contract causing plaintiff's loss of employment and mental anguish."

Plaintiff's petition was filed on May 31, 1974. On August 9, 1974, plaintiff's deposition was taken. Thereafter, both defendants filed motions for summary judgment. In their motions defendants contended the two-year statute for tort actions (K. S. A. 1975 Supp. 60-513[4]) had run prior to the filing of the action. The motions were heard at pretrial conference on October 3, 1974, by Judge Kline, administrative judge of the Sedgwick district court, who ruled in pertinent part as follows:

"1. That the employment of the plaintiff, Stanton P. Johnston, was terminated on March 3, 1972.

"2. That the two (2) year statute of limitations for a tort action commenced on March 3, 1972, and expired on March 3, 1974.

"3. That this action was filed on May 31, 1974, and is therefore barred by reason of the expiration of the statute of limitations."

On appeal plaintiff first contends summary judgment was premature in that he was proceeding with pretrial discovery, but did not have the opportunity to complete it. The proposition upon which plaintiff's contention is based is a correct statement of Kansas law (*Lawrence v. Deemy*, 204 Kan. 299, 461 P. 2d 770), but other decisions of this court have limited the principal holding to the effect that where a party makes no suggestion of additional facts which tend to support his position, he cannot escape summary judgment on the mere hope that further discovery may reveal evi-

dence favorable to his case and it appears that no issue of material fact affecting such judgment remains in dispute. (*Cherry v. Vanlahi, Inc.,* 216 Kan. 195, 531 P. 2d 66; *Essmiller v. Southwestern Bell Tel. Co.,* 215 Kan. 74, 524 P. 2d 767; and *Meyer, Executor v. Benelli,* 197 Kan. 98, 415 P. 2d 415.) Although plaintiff argues further discovery might have revealed a contract of employment to support an action governed by the longer three-year limitation period of K. S. A. 60-512 (1), plaintiff's deposition clearly shows he was aware there was no contract, written or oral, which stated any duration of employment. Plaintiff did not suggest any additional facts tending to support his position, he was merely hopeful. The trial court had all the facts necessary to rule on the summary judgment motions and the issue as to when the cause of action accrued under the facts presented here was a question of law for the court. On the issue presented the case was ripe for summary judgment.

In their brief defendants assert that at the pretrial conference the trial court inquired if discovery was complete on the issue of the expiration of the statute of limitations and all counsel, including counsel for plaintiff at that time, agreed that discovery was complete on that issue and that the court could rule on the matter. No record was made of the pretrial conference, but plaintiff's counsel on appeal makes no showing to the contrary by affidavit or otherwise. From the statement of counsel and the impression we get from the trial court's rulings, we are led to believe that the trial court was satisfied, that as to the issue concerning limitations, discovery was complete.

On numerous occasions this court has been confronted with appellants asserting a defense of incomplete discovery in summary judgment cases. Concerning such assertions we had this to say in *Gray v. Ray Gill, Frontier Industries, Inc.,* 208 Kan. 95, 490 P. 2d 615:

"Ordinarily, a motion for summary judgment should not be granted when the opposing party is proceeding diligently with his pre-trial discovery, but has not had an opportunity to complete it. (*Lawrence v. Deemy,* 204 Kan. 299, 461 P. 2d 770; *Timmermeyer v. Brack,* 196 Kan. 481, 412 P. 2d 984; *Brick v. City of Wichita,* 195 Kan. 206, 403 P. 2d 964.) On the other hand, when, as here, a party makes no suggestion to the trial court of any additional facts tending to support his position, he cannot escape summary judgment, if otherwise proper, on the mere hope that further discovery may reveal evidence favorable to his case. (See, *Sade v. Hemstrom,* 205 Kan. 514, 471 P. 2d 340; *Meyer, Executor v. Benelli,* 197 Kan. 98, 415 P. 2d 415.). . . ." (p. 97.)

Further discovery here would not have revealed additional facts

pertinent to the limitations question. From the overall record we are satisfied that plaintiff is in no position now to challenge the summary judgments on the grounds that they were prematurely granted.

Plaintiff also argues that the trial court erred in granting summary judgments because the cause of action stated in the petition could be construed as alternatively sounding in contract within the meaning of 60-512 (1) or tort within the meaning of 60-513 (4).

Obviously, the Skupa action sounded only in tort. For purposes of our discussion of the action against Alliance, we shall assume *arguendo* that plaintiff has stated a cause of action in his petition. The question considered by the trial court was restricted to the limitations issue. The question whether plaintiff had stated a cause of action against Alliance was not presented to the trial court and is not determined by this court on appeal. In passing it may be noted that this court has adhered to the rule prevailing in most jurisdictions (62 A. L. R. 3d, Anno. Employment Contract Termination At Will, p. 271) that in the absence of a contract, express or implied, between an employee and his employer covering the duration of employment, the employment is terminable at the will of either party. (*Lorson v. Falcon Coach, Inc.*, 214 Kan. 670, 522 P. 2d 449; and *May v. Santa Fe Trail Transportation Co.*, 189 Kan. 419, 370 P. 2d 390.)

In his petition, plaintiff labels his firing by Alliance "a tort of outrage" but, nevertheless, he now argues that the language of the petition is susceptible to either contract or tort interpretation. We cannot agree. On this point, defendants' counsel again say that when the motions for summary judgments were presented all parties agreed that the case was a tort action and that 60-513 (4) was controlling. However, as previously noted, no record was made of the pretrial conference and since plaintiff has changed counsel, we shall not assume that tort was agreed upon in considering the appeal. The circumstances demonstrate again the importance of making a record at pretrial conference.

This court has said that as a general rule, where there are two remedies for the enforcement of a right, the fact that one of them is barred by the limitations does not bar the other. (*Continental Ins. Co. v. Windle*, 214 Kan. 468, 520 P. 2d 1235.) In this connection we have further stated that where doubt exists as to whether an action is based on tort or implied contract, words appropriate to a tort action will be disregarded and the petition interpreted

as sounding in contract. (*Mackey-Woodard, Inc. v. Citizens State Bank*, 197 Kan. 536, 419 P. 2d 847.) In the instant case the petition alleges tort, and in his deposition plaintiff testifies that he does not claim any contract, oral or written, for employment for any specified time.

Although the petition alleges the action was based on the "tort of outrage" plaintiff's present counsel now speaks in terms of "retaliatory discharge." We have permitted plaintiff's counsel to file additional authorities and a post-argument reply. Plaintiff has cited a number of cases from other jurisdictions involving claims by an employee for damages for wrongful discharge. None of the cases cited required a decision whether the action was in contract or in tort in the context in which the question is presented here. In allowing recovery to a married female employee who had been discharged because of her refusal to go out with and be "nice" to her foreman, the New Hampshire Supreme Court considered the cause of action to be one lying in the field of implied contract. (*Monge v. Beebe Rubber Co.*, 114 N. H. 130, 316 A. 2d 549, 62 A. L. R. 3d 264.) On the other hand, in allowing a recovery for retaliatory discharge to stand where an employee was fired because she reported for jury service in violation of her employer's orders, the Supreme Court of Oregon characterized the action as being one founded in tort. (*Nees v. Hocks*, [Or.], 536 P. 2d 512.)

From our examination of the record in the instant case, we are satisfied beyond doubt that plaintiff's alleged causes of action against both defendants must be interpreted as founded in tort.

Finally, plaintiff contends material facts were in dispute relative to when the causes of action accrued, whether on March 3, 1972, or June 1, 1972. There is no dispute as to facts. The only evidence before the court was plaintiff's deposition and his letter of dismissal, dated March 3, 1972. The dispute between the parties concerns the interpretation of those facts as to when plaintiff's employment was terminated. The trial court found that plaintiff's employment was terminated on March 3, 1972. We believe the finding was correct on the undisputed evidence, but the controlling fact is not necessarily the time of plaintiff's termination, but rather the time when his cause of action accrued. On this point, the statute in question K. S. A. 1975 Supp. 60-513 reads in pertinent part:

"The cause of action in this section shall not be deemed to have accrued until the act giving rise to the cause of action *first causes substantial injury,*

or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall the period be extended more than ten (10) years beyond the time of the act giving rise to the cause of action." (Emphasis supplied.)

According to plaintiff's deposition he was called into Mr. Skupa's office on March 3, 1972, and terminated. Although plaintiff drew his pay by check until May 31, 1972, he did not work for and was not associated with Alliance after March 3, and was in fact employed by another company on May 25, 1972. By his own testimony plaintiff knew he was being terminated by Alliance on March 3, 1972. He further admitted that all of the alleged facts of Mr. Skupa occurred prior to that date. Obviously, substantial damages for mental suffering and damage to reputation were caused and began to accrue upon plaintiff's receipt of notice that he was being terminated. Any punitive or exemplary damages would have accrued upon notice of termination and would have been recoverable during this extended leave of absence. The acts causing plaintiff's injury occurred on or before March 3, 1972, and any cause of action plaintiff had against Alliance or Skupa could have been brought after that date.

Concerning the accrual of a cause of action, we held in *Yeager v. National Cooperative Refinery Ass'n*, 205 Kan. 504, 470 P. 2d 797:

"In general, a cause of action accrues, so as to start the running of the statute of limitations, as soon as the right to maintain a legal action arises, the true test being at what point in time the plaintiff could first have filed and prosecuted his action to a successful conclusion." (Syl. ¶ 7.)

Although some damages to the plaintiff may not have accrued under the accounting principles until installments of salary had ceased, plaintiff sustained substantial injury upon receipt of official notice of termination on March 3, 1972, and his cause of action accrued on that date. Not having brought his action until more than two years after that date, his remedy was barred by 60-513 (4) and the trial court properly so held.

The judgment is affirmed.