(48 P.3d 681)

No. 87,346

MARY ANN CURTS and BARBARA PINTER, *Appellants*, v. DILLARD'S, INC., DILLARD STORE SERVICES, INC., "SECURITY GUARD TROY," and "ASSISTANT STORE MANAGER REGINA," *Appellees*.

Opinion filed June 28, 2002.

*David Rosenberg*, of Mayer & Rosenberg, of Kansas City, Missouri, for appellants.

*Lynn S. McCreary*, of Bryan Cave, LLP, of Overland Park, and *Jeremiah J. Morgan*, of the same firm, of Kansas City, Missouri, for appellees.

Before ELLIOTT, P.J., ROGG, S.J., and WAHL, S.J.

ELLIOTT, J.: In this case, the trial court dismissed the claims of Mary Ann Curts and Barbara Pinter for false imprisonment, assault, and negligence per se as barred by the statute of limitations; and the claims of outrage and negligent infliction of emotional distress for failure to state a claim upon which relief can be granted. See K.S.A. 60-212(b)(6).

Plaintiffs appeal only the dismissal of their claim for negligent infliction of emotional distress, claiming the trial court erred in holding their failure to allege physical injury barred the claim. We disagree and, thus, affirm the trial court.

The issue facing us is narrow and requires no recitation of the facts alleged in the petition. Plaintiffs rely on our decision in *Reynolds v. Highland Manor, Inc.*, 24 Kan. App. 2d 859, 954 P.2d 11 (1998). There, we reviewed the elements for a claim of negligent infliction of emotional distress:

"To sustain a claim for negligent infliction of emotional distress, the plaintiff must establish that the conduct complained of was accompanied by, or resulted in, immediate physical injury. [Citation omitted.] A plaintiff 'must show that the physical injuries complained of were the direct and proximate result of the emotional distress caused by the [defendant's] alleged negligent conduct.' [Citation omitted.]" 24 Kan. App. 2d at 861.

There, we addressed the plaintiff's claim the case could fall under an umbrella exception to the physical injury requirement by stating: "The only major exception to the physical injury requirement in emotional distress claims is where the plaintiff charges the defendant with acting in a willful or wanton manner, or with the intent to injure." 24 Kan. App. 2d at 864. We rejected the argument since plaintiff did not allege any willful or wanton conduct, and there was no evidence defendant acted intentionally. 24 Kan. App. 2d at 864.

Several Kansas cases, some hoary with age (see *In re Estate of Bernatzki*, 204 Kan. 131, 133, 460 P.2d 527 [1969]), have mentioned this "exception" to the physical injury requirement. See, *e.g., Hoard v. Shawnee Mission Medical Center*, 233 Kan. 267, 274, 662 P.2d 1214 (1983); *Lonergan v. Small*, 81 Kan. 48, 51-55, 105 Pac. 27 (1909).

The exception to the physical injury requirement must have an allegation of willful or wanton conduct. "Willful conduct" is an act performed with a designed purpose or intent to do wrong or cause injury. *Paida v. Leach*, 260 Kan. 292, 297, 917 P.2d 1342 (1996).

"Wanton conduct" is an act performed with a realization of the imminence of danger and reckless disregard or complete indifference to the probable consequences of the act. 260 Kan. at 297.

Thus, we must conclude the exception to the physical injury requirement of a claim for negligent infliction of emotional distress is nothing more—nor less—than the tort of outrage, an intentional tort. See *Dawson v. Associates Financial Services Co.*, 215 Kan. 814, 819-22, 529 P.2d 104 (1974) (adopting Restatement [Second] of Torts § 46[1]) [1964]; PIK Civ. 3d § 127.70.

The plaintiffs in *Anspach v. Tomkins Industries, Inc.*, 817 F. Supp. 1499 (D. Kan. 1993), *aff'd* 51 F.3d 285 (10th Cir. 1995),

attempted to make the same argument plaintiffs make here. Applying Kansas law, Judge O'Connor rejected the claim:

"Plaintiffs assert that their claim for negligent infliction of emotional distress is viable, even absent resultant physical injury, because the conduct of the defendants was wanton. If plaintiffs' theory is to be accepted, it is not clear how the negligence claim would be anything but a reiteration of plaintiffs' intentional infliction of emotional distress claim, which asserts liability on the basis of intentional or reckless disregard of plaintiffs' rights. In fact, the authority plaintiffs cite in support of their position exposes the infirmity of their theory: 'The general rule of negligence has no application to willful or wanton wrongs.' Bowman v. Doherty, 235 Kan. 870, Syl. ¶ 2, 686 P.2d 112 (1984). It is not clear whether plaintiffs also take the position that the defendants are liable for simple negligent infliction of emotional distress (arising out of conduct that was not wanton). To the extent the negligence claims are not based upon intentional or wanton conduct, in the absence of contemporaneous resultant physical injury, the claims cannot stand." 817 F. Supp. at 1509.

We agree with this analysis of Kansas law. The exception to the physical injury requirement in a negligent infliction of emotional distress claim is nothing more than the tort of outrage. The trial court did not err in dismissing plaintiffs' claim of negligent infliction of emotional distress for failing to allege physical injury. The claim was time barred by the 1-year statute of limitations contained in K.S.A. 60-514(b).

Affirmed.