**Sheila BURDETT, Plaintiff,**

v.

**HARRAH'S KANSAS CASINO CORP., et al., Defendants.**

Nos. CIV.A. 02–2166–KHV, CIV.A. 03–2189–KHV.

United States District Court, D. Kansas.

March 29, 2004.

See also 294 F.Supp.2d 1215, 260 F.Supp.2d 1109.

Stephen B. Small, Kansas City, MO, for Plaintiff.

John G. Schultz, Franke, Schultz & Mullen, PC, Adam J. Prochaska, Laurence R. Tucker, Armstrong Teasdale LLP, Kansas City, MO, Michael A. Klutho, Bassford Remele, A Professional Association, Minneapolis, MN, Brian D. Roth, David Israel, Bryan C. Shartle, Session, Fishman & Nathan, LLP, New Orleans, LA, Richmond M. Enochs, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Defendants.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter is before the Court on plaintiff's *Response To Show Cause Order Of 12–05–03[sic] And Motion For Continuance Of Trial Setting[.] For Amended Scheduling Order And For Leave To Respond To "Unopposed" Dispositive Motions And For Reconsideration Of The Court's Rulings With Consideration Of Those Responses* (Doc. # 118) filed December 16, 2003; the *Motion To Dismis [sic] And Memorandum In Opposition To Plaintiff's Response To Show Cause Order And Motions For Continuance, Amended Scheduling Order, Leave To Respond To Unopposed Dispositive Motions, And Reconsideration* (Doc. # 124) which Telecheck Services, Inc. filed on January 2, 2004; *Defendants Edward T. Burke & Associates, P.C., Edward T. Burke, Esq. And Creditors Interchange, Inc.'s Notice Of Motion And Motion For Summary Judgment* (Doc. # 128) filed January 26, 2004; and *Defendants Telecheck Services, Inc.'s Motion To Dismiss* (Doc. # 133) filed February 3, 2004. For reasons stated below, the Court overrules plaintiff's motion, overrules as moot the first motion to dismiss of Telecheck Services, Inc. ("Telecheck"), sustains in part the motion for summary judgment by Edward T. Burke & Associates, P.C., Edward T. Burke, Esq. (collectively referred to as "Burke") and Creditors Interchange, Inc. ("CI"), and overrules Telecheck's second motion to dismiss.

### Procedural History

On April 12, 2002, plaintiff filed suit against nine defendants in Case No. 02–2166: Harrah's Kansas Casino Corporation, Harrah's Operating Company, Incorporated and Harrah's Entertainment, Incorporated (collectively referred to as "Harrah's"); Burke; CI; NCO Financial

Systems, Incorporated ("NCO"); Telecheck; and Prairie Band Potawatomi Nation (the "Tribe"). In that case, plaintiff alleged that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.;* the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.;* the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701 *et seq.;* and the Kansas Consumer Protection–Unconscionable Practice Act ("KCP–UPA"), K.S.A § 50–626 *et seq.* Plaintiff also alleged that defendants committed intentional and negligent infliction of emotional distress, causing her husband, Clarence Burdett, to commit suicide.[1] In addition, under an unspecified Fair Credit Reporting Act, plaintiff sought to enjoin collection and set aside the gambling debts of Mr. Burdett, recover his gambling losses and delete from the Burdetts' credit records all adverse references to such debts.

On April 17, 2003, as special administrator for Mr. Burdett's estate, plaintiff filed a survivor action against the same defendants. *Complaint* (Doc. # 1) in Case No. 03–2189. That case also alleged that under an unspecified Fair Credit Reporting Act, plaintiff was entitled to enjoin collection and set aside the gambling debts of Mr. Burdett, recover his gambling losses and delete from the Burdetts' credit records all adverse references to such debts. It also repeated the allegations of the original complaint in Case No. 02–2166, *i.e.* that defendants had violated the FDCPA, RICO, IGRA and KCP–UPA, and committed intentional and negligent infliction of emotional distress.[2] On June 5, 2003, the Court consolidated the two cases.

In Case No. 02–2166, on various dates between October 21 and December 19, 2002, all defendants except NCO filed motions to dismiss for lack of jurisdiction and/or failure to state a claim. On May 5, 2003, the Court sustained the motion by Harrah's and the Tribe, and sustained in part the motions by Burke, CI and Telecheck. *See Memorandum And Order* (Doc. # 75). The Court dismissed plaintiff's claims against Harrah's and the Tribe for lack of jurisdiction. *See id.* Because the complaints in Case Nos. 02–2166 and 03–2189 are essentially the same, the Court directed plaintiff to show cause in writing why her claims against Harrah's and the Tribe in Case No. 03–2189 should not be dismissed for the same reasons.

1. *See Complaint For Damages, Declaratory Judgment, Injunction And Other Relief Arising From 1.) Violation Of Fair Debt Collection Practices Act[;] 2.) Racketeer Influenced Corrupt Organizations Act[;] 3.) Indian Reservation Gambling Act[;] 4.) Kansas Consumer Protection–Unconscionable Practice Act[;] 5.) Action To Set Aside Gambling Debts, To Enjoin Collection Thereof And To Recover Gambling Losses[;] 6.) Intentional And Negligent Infliction Of Emotional Distress Resulting In Wrongful Death ("Complaint") (Doc. # 1)* filed April 12, 2002.

2. The complaints in Case Nos. 02–2166 and 03–2189 are essentially the same. The complaint in Case No. 03–2189, however, (1) attaches a copy of the "letters of special administration," (2) alleges that the district court of Geary County, Kansas appointed plaintiff on April 18, 2003, (3) cites several Kansas statutes regarding wrongful death actions; and (4) does not allege diversity jurisdiction. Count Five of the complaint in Case No. 03–2189, which alleges negligent and intentional infliction of emotional distress, does not enumerate plaintiff's alleged losses, but alleges that "both Mr. Burdett and Mrs. Burdett and Mr. Burdett's heirs suffered the loss of the continuing support, companionship, society [etc.]" Plaintiff's first case, Case No. 02–2166, seeks costs and fees which plaintiff incurred "as private attorney general" and "such other and further relief as the Court deem appropriate" in connection with her declaratory judgment and RICO claims. Plaintiff does not seek such relief in Case No. 03–2189, but asks the Court to "declare a forfeiture of the Harrah's gaming operation and proceeds thereof."

As to the motions of Burke, CI and Telecheck, the Court sustained the motion to dismiss plaintiff's RICO claims and overruled without prejudice the motions to dismiss plaintiff's FDCPA claims. The Court also ordered plaintiff to file an amended complaint which specifically identified each FDCPA violation, the party who had committed the violation and the date of the violation, and to show cause in writing why the Court should not dismiss plaintiff's RICO claims against NCO. *Id.* at 23. In response, on May 16, 2003, plaintiff filed her *First Amended Complaint* (Doc. # 76) and *Motion To Amend RICO Claim* (Doc. # 77). Plaintiff's first amended complaint did not include claims under RICO, IGRA or the KCP–UPA. It alleged only three claims: (1) that Burke, CI, Telecheck and NCO violated the FDCPA; (2) that Burke, CI, Telecheck and NCO committed intentional and negligent infliction of emotional distress; and (3) that under some unspecified Fair Credit Reporting Act, plaintiff was entitled to recover Mr. Burdett's gambling losses from Burke, CI, Telecheck and NCO, and defendants were required to set aside Mr. Burdett's gambling debt and delete from the Burdetts' credit records all adverse references to such debt.[3] *First Amended Complaint* (Doc. # 76) filed May 16, 2003.

On May 27, 2003, Telecheck filed a motion to dismiss plaintiff's amended complaint in Case No. 02–2166. *Defendant Telecheck Services, Inc.'s Motion To Dismiss* (Doc. # 79). On June 4, 2003, Burke and CI renewed their motion to dismiss in that case. *Defendants Creditors Interchange, Inc., Edward T. Burke & Associates, P.C. And Edward T. Burke, Esq.'s Notice Of Renewed Motion To Dismiss* (Doc. # 82). On June 12, 2003, plaintiff sought an extension of time until June 20, 2003, to reply to defendants' motions. *Mo-*

*tion For Extension Of Time Within Which To Respond To Outstanding Defense Motions* (Doc. # 85). The Court overruled plaintiff's motion for extension of time, noting that one of plaintiff's responses was not even due until June 27, 2003. *Order* (Doc. # 87) filed June 18, 2003. On June 26, 2003, NCO filed a motion for summary judgment in Case No. 02–2166. *Motion For Summary Judgment* (Doc. # 88). Plaintiff's response was initially due on July 21, 2003.

On July 17, 2003, plaintiff filed a *Notice Of Injury To Counsel* (Doc. # 90) which asked the Court to stay proceedings for 30 days because counsel had sustained a serious head injury in an automobile accident on July 9, 2003. On September 5, 2003, the Court sustained in part the renewed motions to dismiss by Burke, CI and Telecheck and extended to September 19, 2003, plaintiff's deadline to respond to the NCO motion for summary judgment. As to the motions to dismiss, the Court held that plaintiff had no actionable claim (1) that Burke, CI and Telecheck violated the FDCPA by placing telephone calls to the Burdett residence or (2) that Burke and CI intentionally and negligently inflicted emotional distress on plaintiff. Consequently, the remaining claims in Case No. 02–2166 were (1) that Burke, CI, Telecheck and NCO violated the FDCPA by sending specified letters to the Burdett residence; (2) that NCO violated the FDCPA by placing numerous telephone calls to the Burdett residence; (3) that Telecheck and NCO intentionally and negligently inflicted emotional distress on plaintiff; and (4) that under some unspecified Fair Credit Reporting Act, Burke, CI, Telecheck and NCO were required to set aside Mr. Burdett's gambling debt, reimburse plaintiff for his gambling losses, and

---

3. Presumably the latter claim is under the Kansas Fair Credit Reporting Act, K.S.A. §§ 50–701 *et seq.,* or the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1601 *et seq.*

delete from the Burdetts' credit records all adverse references to such debt.

On September 19, 2003, plaintiff responded to the NCO motion for summary judgment and asked the Court to lift the stay of discovery which Magistrate Judge James P. O'Hara had entered on March 11, 2003. *Sheila Burdett's Preliminary Response To NCO's Motion For Summary Judgment & Motion To Lift The Stay So That Discovery Can Be Conducted In Complete Response Thereto ("Plaintiff's Response")* (Doc. # 99).

On September 12 and 22, 2003, NCO and Telecheck filed motions to dismiss Case No. 03–2189. Telecheck also filed a motion to dismiss Case No. 02–2166. On October 2, 2003, plaintiff asked the Court for ten additional days to respond to the outstanding motions to dismiss of NCO [4] and Telecheck.[5] The Court granted plaintiff's motion and extended plaintiff's deadline to October 16, 2003. *Order* (Doc. # 106) filed October 14, 2003. Plaintiff did not respond, however, and the Court considered all three motions to be unopposed.

On October 24, 2003, Burke and CI filed *Defendants Edward T. Burke & Associates, P.C., Edward T. Burke, Esq. And Creditors Interchange, Inc.'s Notice Of Motion And Motion For Summary Judgment* (Doc. # 109) in Case No. 02–2166. Again, plaintiff did not respond.

On December 10, 2003, the Court sustained NCO's motion for summary judgment and dismissed plaintiff's FDCPA claims and her claims for negligent and intentional emotional distress in Case No. 02–2166. *Memorandum And Order And Order To Show Cause* (Doc. # 113) at 34. The Court noted that plaintiff's claim un-

der the Fair Credit Reporting Act was the sole remaining claim against NCO in that case. The Court sustained in part NCO's motion to dismiss Case No. 03–2189. *Id.* Specifically, it dismissed plaintiff's claims for violation of the FDCPA and RICO and for intentional infliction of emotional distress. The Court noted that plaintiff's claims under the KCP–UPA and IGRA in Case No. 03–2189 did not apply to NCO, and that her claims under the Fair Credit Reporting Act and for negligent infliction of emotional distress were the only remaining claims against NCO in that case. *Id.*

In the same order of December 10, 2003, the Court sustained Telecheck's motion to dismiss in Case No. 02–2166, dismissing plaintiff's claims for negligent and intentional infliction of emotional distress, *id.* at 34–35, and noting that the sole remaining claims against Telecheck in that case were under the FDCPA (based on letters sent by Telecheck) and the Fair Credit Reporting Act. *Id.* at 35. The Court sustained in part Telecheck's motion to dismiss Case No. 03–2189. Specifically, the Court dismissed plaintiff's claims that Telecheck violated the FDCPA and RICO, and committed intentional infliction of emotional distress. *Id.* The Court noted that plaintiff's claims under the KCP–UPA and IGRA did not apply to Telecheck, and that plaintiff's claims under the Fair Credit Reporting Act and for negligent infliction of emotional distress were the only remaining claims against Telecheck in that case. *Id.*

The Court also sustained the motion for summary judgment by Burke and CI in Case No. 02–2166, and dismissed plaintiff's

---

4. *Motion To Dismiss Case Number 03–2189* (Doc. # 95) filed September 12, 2003 in Case No. 02–2166.

5. *Defendant Telecheck Services, Inc.'s Motion To Dismiss* (Doc. # 97) filed September 12,

2003 in Case No. 02–2166, and *Defendant Telecheck Services, Inc.'s Motion to Dismiss Case No. 03–2189* (Doc. # 5) filed September 22, 2003.

FDCPA claim against them. The Court noted that plaintiff's claim under the Fair Credit Reporting Act was the sole claim remaining against Burke and CI in that case. *Id.*

In its order of December 10, 2003, the Court also directed plaintiff to show cause in writing why her claims under the Fair Credit Reporting Act in Case Nos. 02–2166 and 03–2189 should not be dismissed for failure to state a claim.

On January 2, 2004, Telecheck filed a motion to dismiss plaintiff's Fair Credit Reporting Act claims in both cases, and on February 3, 2004, Telecheck filed a motion to dismiss Case No. 03–2189. *See Motion To Dismis [sic] And Memorandum In Opposition To Plaintiff's Response To Show Cause Order And Motions For Continuance, Amended Scheduling Order, Leave To Respond To Unopposed Dispositive Motions, And Reconsideration* (Doc. # 124); *Defendant Telecheck Services, Inc.'s Motion To Dismiss* (Doc. # 133). On January 26, 2004, Burke and CI filed a motion asking for summary judgment on plaintiff's Fair Credit Reporting Act claim in Case No. 02–2166 and on all claims in Case No. 03–2189. *See Defendants Edward T. Burke & Associates, P.C., Edward T. Burke, Esq. And Creditors Interchange, Inc.'s Notice Of Motion And Motion For Summary Judgment* (Doc. # 128). Plaintiff did not respond to these motions and the Court considers all three motions to be unopposed.

**6.** On December 17, 2003, Magistrate Judge James P. O'Hara conducted a status and scheduling conference. *See Amended Scheduling Order* (Doc. # 119) filed December 18, 2003. Judge O'Hara considered the motion to continue the trial by Burke and CI, and plaintiff's request for similar relief. *See Response To Show Cause Order Of 12–05–03[sic] And Motion For Continuance Of Trial Setting[,] For Amended Scheduling Order And For Leave To Respond To "Unopposed" Dispositive*

### Analysis

**I. Plaintiff's Response To Order To Show Cause And Motion For Leave To Respond To Unopposed Motions And For Reconsideration Of Court's Ruling (Doc. # 118)** [6]

#### A. Response To Order

As stated above, the Court ordered plaintiff to show cause why her claims under the Fair Credit Reporting Act in Case Nos. 02–2166 and 03–2189 should not be dismissed for failure to state a claim, and why her claims against Harrah's and the Tribe in Case No. 03–2189 should not be dismissed for lack of jurisdiction.

#### 1. Claims Under The Fair Credit Reporting Act

██ In the its order of December 10, 2003, the Court noted that plaintiff's first amended complaint in Case No. 02–2166 and original complaint in Case No. 03–2189 alleged that under an unspecified Fair Credit Reporting Act, plaintiff was entitled to recover Mr. Burdett's gambling losses. *Memorandum And Order And Order To Show Cause* (Doc. # 113) at 20, 33. The Court further noted that plaintiff had cited no relevant legal authority for the proposition that Mr. Burdett's checks were uncollectable because he used the proceeds to participate in casino gambling, and that it was not clear how plaintiff's complaints gave rise to a claim under the Kansas Fair Credit Reporting Act or the federal Fair Credit Reporting Act. *Memorandum And*

*Motions And For Reconsideration Of The Court's Rulings With Consideration Of Those Responses* (Doc. # 118) filed December 16, 2003. Judge O'Hara also rescheduled the case for trial on January 4, 2005. *Amended Scheduling Order* at 2. Here, the Court addresses plaintiff's response to the order to show cause and her motion for leave to respond and for reconsideration of the Court's prior ruling.

*Order And Order To Show Cause* (Doc. # 113) at 21.

Plaintiff's response suggests no reason why her Fair Credit Reporting Act claims should not be dismissed for failure to state a claim. Plaintiff states only that "[c]ounsel has not had an adequate opportunity to further brief the court as to the Fair Credit Reporting Act issues in this case." *Response To Show Cause Order Of 12–05–03[sic] And Motion For Continuance Of Trial Setting For Amended Scheduling Order And For Leave To Respond To "Unopposed" Dispositive Motions And For Reconsideration Of The Court's Rulings With Consideration Of Those Responses* ("*Response* ") (Doc. # 118) filed December 16, 2003 ¶ 12.

The record contains no allegation that Burke, CI, Telecheck and NCO are credit reporting agencies to which either Fair Credit Reporting Act would apply. The Court therefore dismisses plaintiff's Fair Credit Reporting Act claims in both cases against all defendants.

### 2. Claims Against Harrah's And The Tribe

■ Plaintiff does not respond to the Court's order to show cause why her claims against Harrah's and the Tribe in Case No. 03–2189 should not be dismissed for lack of jurisdiction. For the reasons stated in its order of May 5, 2003, the Court finds that it lacks jurisdiction over Harrah's and the Tribe. *See Memorandum And Order* (Doc. # 75). The Court therefore dismisses plaintiff's claims against Harrah's and the Tribe in Case No. 03–2189 for lack of jurisdiction. *See*

*Memorandum And Order* (Doc. # 75) filed May 5, 2003.

### B. Motion To Respond

■ As noted above, in September and October of 2003, NCO and Telecheck filed motions to dismiss and Burke and CI filed a motion for summary judgment.

On October 2, 2003, plaintiff asked the Court for ten additional days to respond to the outstanding motions to dismiss of NCO and Telecheck. The Court granted plaintiff's motion and extended plaintiff's deadline to October 16, 2003. *See Order* (Doc. # 106) filed October 14, 2003. Plaintiff, however, never filed a response to the motions.

On October 24, 2003, Burke and CI filed a motion for summary judgment. *See Defendants Edward T. Burke & Associates, P.C., Edward T. Burke, Esq. And Creditors Interchange, Inc.'s Notice Of Motion And Motion For Summary Judgment* (Doc. # 109) in Case No. 02–2166. Again, plaintiff did not respond.

In ruling on these motions, the Court considered them to be unopposed. *See Memorandum And Order And Order To Show Cause* (Doc. # 113) December 10, 2003. The Court sustained the motion for summary judgment on plaintiff's FDCPA claim for lack of standing, noting that Burke or CI had not directed letters to plaintiff.[7] *Id.* at 24. The Court overruled defendants' motion for summary judgment on plaintiff's Fair Credit Reporting Act claim, but directed plaintiff to show cause why this claim should not be dismissed. As noted, the Court is hereby dismissing those claims because the record contains

---

7. Specifically, Edward T. Burke stated that "[a]t no time did I or anyone in my law firm send a collection letter addressed to Sheila Burdett[,] ... place a telephone call to Sheila Burdett for any reason [or] ... receive correspondence of any kind from Mrs. Burdett advising us to cease contact or collection efforts in connection with any debt." *Affidavit Of Edward T. Burke* ¶¶ 3–5, Attachment 1 to *Defendants Edward T. Burke & Associates, P.C., Edward T. Burke, Esq. And Creditors Interchange, Inc.'s Notice Of Motion And Motion For Summary Judgment* (Doc. # 109) filed October 24, 2003.

no allegation that defendants are credit reporting agencies to which any Fair Credit Reporting Act would apply.

Although plaintiff did not file any opposition briefs, she now states that "[c]ontrary to the holdings of the court, [p]laintiff does oppose each dispositive motion filed by each defendant." She therefore asks the Court to reconsider its rulings "after she has an opportunity to fully and fairly respond thereto with the benefit of discovery." *Response To Show Cause Order Of 12–05–03[sic] And Motion For Continuance Of Trial Setting For Amended Scheduling Order And For Leave To Respond To "Unopposed" Dispositive Motions And For Reconsideration Of The Court's Rulings With Consideration Of Those Responses ("Response")* (Doc. # 118) filed December 16, 2003 ¶¶ 3 and 6.

 Plaintiff apparently seeks reconsideration of that part of the Court's order of December 10, 2003 which sustained the motion for summary judgment by Burke and CI and the motion to dismiss by Telecheck, and sustained in part the motions to dismiss in Case No. 03–2189 by NCO and Telecheck. The Court has discretion whether to grant or deny a motion to reconsider. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. *Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981); *Burnett .v. W. Res., Inc.,* 929 F.Supp. 1349, 1360 (D.Kan.1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *See id.*

Plaintiff's motion does not cite any intervening change in the law, or rely on newly discovered evidence. Plaintiff instead argues that although she did not timely respond, her counsel

4) ... sought an extension of time to respond to certain motions before the same were due early in the summer, then notified the Court that he was injured, then asked additional time. In the intervening periods counsel was reinjured by a second head injury and also diagnosed with several additional maladies .... The confluence of these health conditions was initially disabling and as they are being treated counsel's cognitive abilities and vigor are slowly returning.

5) Finding assistance has been difficult due to the complexity of the issues presented in this litigation as well as the posture of the litigation. The complexity of this litigation and the issues of first impression counsel has had difficulty retaining additional counsel to pick up the prosecution of the case and defense of the motions. Counsel did not simply ignore the case or intend that any motion be "unopposed."

*Response* ¶¶ 4, 5. Plaintiff argues that if the Court does not allow her an opportunity to fully and fairly respond to these motions with the benefit of discovery, manifest injustice will result, as will "an absolute denial of due process and abuse of the discretion of the court for which Plaintiff will be forced to seek relief in the 10th Circuit Court of Appeals." *Id.* ¶ 6.

Plaintiff's complaints appear to be purely procedural; she does not claim that the Court's rulings were wrong as to substance, or that defendants' motions were not well taken on the merits.

As noted above, the Court extended plaintiff's response deadline on three of the motions. Plaintiff has had many months, before now, to respond to defendants' motions or at least seek extensions of time in which to do so. Moreover, as to the motions to dismiss, discovery is not germane. In ruling on a motion to dismiss for failure to state a claim, the Court accepts the veracity of all well-pleaded facts in plaintiff's complaint and views the facts and all reasonable inferences in the light most favorable to plaintiff. *See* Rule 12(b)(6), Fed.R.Civ.P.; *Hous, Auth. of Kaw Tribe v. City of Ponca City,* 952 F.2d 1183, 1187 (10th Cir.1991); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). Plaintiff's complaints were drafted long before the injury to plaintiff's counsel and manifest injustice did not occur when the Court evaluated their sufficiency without the benefit of discovery. Because the Court cannot consider evidence outside the pleadings when it rules on motions to dismiss, it could not properly consider evidence garnered through the discovery process.

As to the motion for summary judgment, Burke and CI sought summary judgment on plaintiff's claims under the FDCPA and the Fair Credit Reporting Act. In ruling on their motion, the Court noted that

> summary judgment is not proper merely because the nonmovant failed to file a response. *See Reed,* 312 F.3d at 1194. The Court must determine whether judgment for the moving party is appropriate under Rule 56, Fed.R.Civ.P. Essentially, the inquiry is whether the facts asserted and supported in the summary judgment motion entitle the moving party to judgment as a matter of law.

*Memorandum And Order And Order To Show Cause* at 23. For purposes of the motion, the undisputed facts were as follows:

> Mr. Burdett cashed personal checks at the casino. In exchange for the checks, Harrah's gave him cash which he was free to spend as he chose. Some of the checks were dishonored and Harrah's forwarded them to Telecheck, which retained Burke and CI to collect them. Burke and CI did not address or direct any collection letter to plaintiff, and they did not receive correspondence from plaintiff which advised them to cease collection efforts for any debt.

*Id.* Plaintiff does not suggest that these facts are incorrect, or explain what discovery might be germane to the issues raised by defendants' motion for summary judgment. Furthermore, the facts on which the motion relied were basically those outlined in plaintiff's complaints and otherwise within plaintiff's personal knowledge. Formal discovery was not necessary to respond to the summary judgment motion. Furthermore, if plaintiff had a valid defense to the summary judgment motion, discovery would not now be necessary to establish that defense.

The Court therefore overrules plaintiff's motion for leave to respond to the motions to dismiss by Telecheck and NCO and the motion for summary judgment by Burke and CI, and for reconsideration of the Court's order of December 10, 2003.

## II. Telecheck's Motion To Dismiss (Doc. # 124)

Telecheck asks the Court to dismiss plaintiff's Fair Credit Reporting Act claims in both cases. *See Motion To Dismis [sic] And Memorandum In Opposition To Plaintiff's Response To Show Cause Order And Motions For Continuance, Amended Scheduling Order, Leave To Respond To Unopposed Dispositive Motions, And Reconsideration* (Doc. # 124) filed January 2, 2004. As stated above, the Court is hereby dismissing

those claims because the record contains no allegation that Telecheck is a credit reporting agency to which any Fair Credit Reporting Act applies. The Court therefore overrules Telecheck's motion as moot.

### III. Motion For Summary Judgment Of Burke And CI (Doc. # 128)

Burke and CI seek summary judgment on plaintiff's Fair Credit Reporting Act claim, the sole remaining claim against them in Case No. 02–2166. As stated above, the Court is hereby dismissing plaintiff's claims under the Fair Credit Reporting Act because the record contains no allegation that Burke and CI are credit reporting agencies to which any Fair Credit Reporting Act would apply. The Court therefore overrules as moot the motion for summary judgment of Burke and CI on this claim.

■ Burke and CI also seek summary judgment on all claims against them in Case No. 03–2189, arguing that plaintiff did not accomplish service of the summons and complaint on them.

Plaintiff filed her complaint in Case No. 03–2189 on April 17, 2003. That same day, she filed a motion to consolidate the case with Case No. 02–2166. On April 18, 2003, the Clerk's Office issued summonses to Burke and CI, but plaintiff did not serve any defendant in Case No. 03–2189. At a status conference on December 17, 2003, Judge O'Hara discussed this fact with counsel. *See Order* (Doc. # 138) filed March 2, 2004. Judge O'Hara explained to plaintiff's counsel that consolidation of the cases did not relieve plaintiff of her duty to accomplish service under Rule 4 of the Federal Rules of Civil Procedure.[8] *Id.* at 4 (citing *Order* (Doc. # 119) filed December 18, 2003). He also suggested that plaintiff immediately seek additional time to effectuate service in Case No. 03–2189, or file a motion to add herself as a representative party for her deceased husband in Case No. 02–2166. *Id.* at 4. Judge O'Hara specifically required plaintiff to do one or both by January 9, 2004.

Plaintiff did not timely file any motion to amend her complaint in Case No. 02–2166 or seek additional time to make service in Case No. 03–2189. A month after her deadline for doing so, on February 3, 2004, plaintiff filed *Plaintiff's Objection To Telecheck's Motion For Leave To File Second Amended Answer To Plaintiff's Complaint And Motion To Strike Telecheck's Answer To The 03–Complaint And For Entry Of Default Judgment Against Telecheck* (Doc. # 131). In that objection, she argued that "[i]n the event the court is of the opinion that there is insufficient service, ... [plaintiff] asks leave to obtain additional service on the defendants within 30 days so as to moot the issues of lack of or insufficiency of service of process." Judge O'Hara overruled plaintiff's request for an additional 30 days to make service. *Order* (Doc. # 138).

Plaintiff has never served Burke and CI in Case No. 03–2189, and they did not answer plaintiff's complaint or file a motion to dismiss that case. The Court therefore dismisses plaintiff's complaint in Case No. 03–2189 without prejudice as to Burke and CI for failure to effectuate service of process.

### IV. Telecheck's Motion To Dismiss (Doc. # 133)

As of February 3, 2004, the sole claims remaining against Telecheck in Case No. 03–2189 were plaintiff's Fair Credit Reporting Act claims and plaintiff's claim for

---

8. Rule 4(m) of the Federal Rules of Civil Procedure requires that plaintiff serve the summons and complaint within 120 days after filing of the complaint and directs the Court to dismiss the action without prejudice if this deadline is not met or—if plaintiff shows good cause for the failure—order that service be effected within a specified time.

negligent infliction of emotional distress. Telecheck now asks the Court to dismiss Case No. 03–2189, arguing that (1) plaintiff did not effectuate service on it; (2) plaintiff does not state a claim for negligent infliction of emotional distress; and (3) plaintiff does not state a claim under the Fair Credit Reporting Act. *See Defendant Telecheck Services, Inc.'s Motion To Dismiss* (Doc. # 133) filed February 3, 2004.

## A. Service Of Process

■ As noted above, plaintiff did not serve a summons and complaint on Telecheck in Case No. 03–2189. On September 22, 2003, Telecheck nevertheless filed a motion to dismiss Case No. 03–2189 (Doc. # 5), arguing that (1) plaintiff's FDCPA claims were barred by the one-year statute of limitations; (2) plaintiff did not state claims under RICO or the KCP–UPA, or for negligent or intentional infliction of emotional distress; and (3) plaintiff was not entitled to recover payments which Mr. Burdett lawfully made to Telecheck, to set aside debts which Mr. Burdett lawfully incurred or to delete any adverse credit reports which it made. *See Memorandum Of Law In Support Of Defendant Telecheck Services, Inc.'s Motion To Dismiss Case No. 03–2189* (Doc. # 6) filed September 22, 2003. Telecheck did not assert the available defense of insufficiency of process. Moreover, on December 22, 2003, Telecheck filed an answer. *See* Doc. # 120. On December 30, 2003, Telecheck amended that answer. *See* Doc. # 122.

By entering an appearance and pleading to the merits, Telecheck waived service of process. *Henderson v. Carbondale Coal & Coke Co.*, 140 U.S. 25, 11 S.Ct. 691, 35 L.Ed. 332 (1891); *Morris Land & Cattle Co. v. Kilpatrick*, 256 F. 788, 791 (5th Cir.1919) (no occasion or necessity of issuing process when party appeared and joined in issue tendered); *Cont'l Cas. Co. v. Spradlin*, 170 F. 322 (4th Cir.1909); *see also Peoria Tribe or Band of Indians v. Wea Townsite Co.*, 117 F.2d 940, 942 (10th Cir.1941).

Under Rule 12(g) of the Federal Rules of Civil Procedure, "[a] party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party." If a party "omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated."[9] Under Rule 12(h)(1)(A), "[i]f a party files a pre-answer motion and fails to assert the defenses of lack of personal jurisdiction or insufficiency of service, he waives these defenses." *See also F.D.I.C. v. Oaklawn Apartments*, 959 F.2d 170, 175 (10th Cir.1992).

Telecheck voluntarily entered its appearance in this case and under Rule 12(h)(1)(A), it waived any defense as to insufficiency of service because it did not include the defense in it motion to dismiss Case No. 03–2189. The Court therefore overrules Telecheck's motion to dismiss for insufficiency of process.

## B. Negligent Infliction Of Emotional Distress

The standard for ruling on a motion to dismiss for failure to state a claim is set out above. *See infra* Analysis Section I.B.

---

9. Rule 12(h)(2) provides that:
A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

■ Plaintiff's complaint alleges the following facts relating to negligent infliction of emotional distress:

On April 17, 2003, plaintiff was appointed special administrator of the estate of Mr. Burdett. That same day, as special administrator, she filed a survivor action against Telecheck.

Harrah's operates a gaming establishment for the benefit of the Prairie Band Potawatomi Nation, which is a federally recognized tribe of native American Indians. The gaming establishment, Harrah's Prairie Band Casino, is located on land which the United States Trust holds for the benefit of the Tribe. Mr. Burdett had a pathological gambling disorder. He twice filed for bankruptcy, he was hospitalized for pathological gambling and he experienced marital discord. Mr. Burdett visited the casino many times and cashed numerous personal checks which were dishonored on account of insufficient funds. According to plaintiff, these checks are "gambling debt." Harrah's and the Tribe engaged Telecheck to collect the dishonored checks. On numerous occasions, Telecheck communicated with Mr. Burdett to demand payment on the checks. Telecheck used harassment and oppression in its collection efforts.

The Burdett marriage began to collapse because of Mr. Burdett's gambling disorder and the efforts of Harrah's and Telecheck to collect the dishonored checks. Plaintiff filed for divorce when Mr. Burdett's gambling activity and debt collection became unbearable. Shortly thereafter, on April 19, 2001, Mr. Burdett committed suicide. Specifically, he died from asphyxiation from operating a vehicle in a closed garage.

Under the Kansas wrongful death statute:

If the death of a person is caused by the wrongful act or omission of another, an action may be maintained for the damages resulting therefrom if the former might have maintained the action had he or she lived, in accordance with the provisions of this article, against the wrongdoer, or his or her personal representative if he or she is deceased.

K.S.A § 60–1901.

■ Kansas law has long prohibited any recovery for negligent infliction of emotional distress which is not accompanied by or does not result in physical injury. *E.g., Humes v. Clinton,* 246 Kan. 590, 598, 792 P.2d 1032, 1038 (1990); *Anspach v. Tomkins Indus., Inc.,* 817 F.Supp. 1499, 1509 (D.Kan.1993); *Payne v. Gen. Motors Corp.,* 731 F.Supp. 1465, 1474 (D.Kan.1990). The purpose of the physical injury rule is to guard against fraudulent or exaggerated claims, *Maddy v. Vulcan Materials Co.,* 737 F.Supp. 1528, 1534 (D.Kan.1990); it also recognizes that emotional distress is a common experience in life and is usually trivial, *Freeman v. Kan. State Network, Inc.,* 719 F.Supp. 995, 1001 (D.Kan.1989).

■ In *Reynolds v. Highland Manor, Inc.,* the Kansas Court of Appeals reviewed the elements for a claim of negligent infliction of emotional distress and held that "[t]o sustain a claim for negligent infliction of emotional distress, the plaintiff must establish that the conduct complained of was accompanied by, or resulted in, immediate physical injury [and a] plaintiff must show that the physical injuries complained of were the direct and proximate result of the emotional distress caused by the [defendant's] alleged negligent conduct." 24 Kan.App.2d 859, 861, 954 P.2d 11, 13 (1998) (citation omitted); *see Curts v. Dillard's, Inc.,* 30 Kan.App.2d 814, 814–15, 48 P.3d 681, 682 (2002). "The only major exception to the physical injury requirement in emotional distress claims is where the plaintiff charges the defendant with acting in a willful or wanton manner,

or with the intent to injure." *Reynolds,* 24 Kan.App.2d at 864, 954 P.2d at 15; *see Curts,* 30 Kan.App.2d at 814–15, 48 P.3d at 682. In this case, plaintiff does not allege that Telecheck acted in a willful or wanton manner, or with the intent to injure.

Telecheck asks the Court to dismiss plaintiff's claim of negligent infliction of emotional distress because plaintiff does not state a claim on which relief may be granted. *See Memorandum Of Law In Support Of Defendant Telecheck Services, Inc.'s Motion To Dismiss Case No. 03–2189 ("Telecheck's Memorandum")* (Doc. # 134) filed February 3, 2004 at 3. Specifically, Telecheck argues that (1) because plaintiff does not allege that Telecheck contacted Mr. Burdett on or about April 19, 2001, the date of his suicide, plaintiff has not sufficiently alleged that Telecheck's conduct resulted in "immediate" physical injury; (2) death is not a physical injury under Kansas law; and (3) even if death is a physical injury, Mr. Burdett could not have maintained an action under K.S.A. § 60–1901 because he did not suffer a physical injury during his lifetime. *Id.* at 4.

As noted above, the focus is whether Telecheck's conduct was the proximate cause of the Mr. Burdett's injury, not necessarily whether the conduct resulted in "immediate" physical injury. Further, although plaintiff's complaint does not allege specific dates, it alleges that Telecheck communicated with Mr. Burdett on numerous occasions to demand payment on the checks; that it used harassment and oppression in its collection efforts; that Mr. Burdett's gambling and defendant's debt collection efforts caused plaintiff to file for divorce; and that on April 19, 2001, shortly after she did so, Mr. Burdett committed suicide. Plaintiff has sufficiently alleged that Telecheck's conduct was the proximate cause of Mr. Burdett's physical injury.

Telecheck argues that "death is not a physical injury within the context of the *Curtis* rule." *Telecheck's Memorandum* at 4. Telecheck does not explain the *"Curtis* rule" or provide a citation. Telecheck likely intends to refer to *Curts v. Dillard's,* 30 Kan.App.2d at 814–15, 48 P.3d at 682, in which the Kansas Court of Appeals held that to sustain a claim for negligent infliction of emotional distress, plaintiff must establish that "the conduct complained of was accompanied by, or resulted in, immediate physical injury" and "that the physical injuries complained of were the direct and proximate result of the emotional distress caused by the [defendant's] alleged negligent conduct." Telecheck provides no support for its proposition that asphyxiation which results in death is not a physical injury to the individual who experiences it. Indeed, the contrary position would be inarguable.

Telecheck argues that had Mr. Burdett lived, he would not have suffered a physical injury and plaintiff therefore has no claim for negligent infliction of emotional distress as Mr. Burdett's representative. Telecheck provides no support for this proposition. Mr. Burdett died from asphyxiation while operating a vehicle in a closed garage. Clearly, Mr. Burdett suffered physical injury to his body before he died.

Accepting the veracity of all well-pleaded facts in plaintiff's complaint and viewing the facts and all reasonable inferences therefrom in the light most favorable to plaintiff, Telecheck's conduct—communicating with Mr. Burdett on numerous occasions to demand payment on the checks and using harassment and oppression in its collection efforts—could have been the proximate cause of Mr. Burdett's suicide. Plaintiff was not required to allege that Telecheck acted in a willful or wanton manner, or with intent to injure. For

these reasons, the Court overrules Telecheck's motion to dismiss for failure to state a claim of negligent infliction of emotional distress.

### C. Fair Credit Reporting Act

Telecheck again asks the Court to dismiss plaintiff's claims under the Fair Credit Reporting Act in Case No. 03–2189. This argument duplicates the argument which Telecheck made in its *Motion To Dismis [sic] And Memorandum In Opposition To Plaintiff's Response To Show Cause Order And Motions For Continuance, Amended Scheduling Order, Leave To Respond To Unopposed Dispositive Motions, And Reconsideration* (Doc. # 124) filed on January 2, 2004. As stated above, the Court is dismissing plaintiff's claims under the Fair Credit Reporting Act because the record contains no allegation that Telecheck is a credit reporting agency to which any Fair Credit Reporting Act would apply. The Court therefore overrules Telecheck's motion as to this claim as moot.

**IT IS THEREFORE ORDERED** that plaintiff's claims under the Fair Credit Reporting Act in Case Nos. 02–2166 and 03–2189 against all defendants be and hereby are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against Harrah's and the Tribe in Case No. 03–2189 be and hereby are **DISMISSED for lack of jurisdiction**. No claims remain against Harrah's or the Tribe in either case.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to respond to "unopposed" dispositive motions and for reconsideration of the Court's rulings (Doc. # 118) filed December 16, 2003 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that the *Motion To Dismis [sic] And Memorandum In Opposition To Plaintiff's Response To Show Cause Order And Motions For Continuance, Amended Scheduling Order, Leave To Respond To Unopposed Dispositive Motions, And Reconsideration* (Doc. # 124) which Telecheck Services, Inc. filed on January 2, 2004 be and hereby is **OVERRULED as moot**.

**IT IS FURTHER ORDERED** that *Defendants Edward T. Burke & Associates, P.C., Edward T. Burke, Esq. And Creditors Interchange, Inc.'s Notice Of Motion And Motion For Summary Judgment* (Doc. # 128) filed January 26, 2004 be and hereby is **SUSTAINED in part**. Burke and CI's motion is **OVERRULED as moot** as to plaintiff's claims under the Fair Credit Reporting Act. Burke and CI's motion is **SUSTAINED** at to all claims against them in Case No. 03–2189. No claims remain against Burke or CI in either case.

**IT IS FURTHER ORDERED** that and *Defendants Telecheck Services, Inc.'s Motion To Dismiss* (Doc. # 133) filed February 3, 2004 be and hereby is **OVERRULED**. Telecheck's motion is **OVERRULED as moot** as to plaintiff's claims under the Fair Credit Reporting Act. Telecheck's motion is otherwise **OVERRULED**.

The sole remaining claim in Case No. 02–2166 is plaintiff's FDCPA claim against Telecheck (Count I). The sole remaining claims in Case No 03–2189 are plaintiff's claims against Telecheck and NCO for negligent infliction of emotional distress (Count IV).