No. 91,693

KATHY HALLAM, JULIE OGDEN, and NANCY RAGAN, *Plaintiffs*, v. MERCY HEALTH CENTER OF MANHATTAN, INC., *Defendant.*

(97 P.3d 492)

Opinion filed September 17, 2004.

*Zackery E. Reynolds*, of The Reynolds Law Firm, P.A., of Fort Scott, argued the cause, and *David W. Slaby*, of Nevada, Missouri, was with him on the briefs for plaintiffs.

*Caleb Stegall*, of Foulston Siefkin LLP, of Topeka, argued the cause, and *James D. Oliver* and *Thomas L. Theis*, of the same firm, were with him on the brief for defendant.

The opinion of the court was delivered by

NUSS, J.: In connection with a case brought by Kathy Hallam, Julie Ogden, and Nancy Ragan against Mercy Health Center of Manhattan, Inc., Judge Monti L. Belot of the United States District Court for the District of Kansas certified the following questions for determination by this court, pursuant to K.S.A. 60-3201:

"1. What is the statute of limitations [in Kansas] on a claim for outrage and intentional infliction of emotional distress?"

"2. If the answer to question 1 is 1 year, does this ruling apply retroactively or prospectively?"

We hold that the statute of limitations for a claim of outrage and intentional infliction of emotional distress is 2 years and that the second question is, therefore, moot.

FACTS

The relevant facts set out in Judge Belot's Memorandum and Order of Certification to the Kansas Supreme Court are as follows:

"Plaintiff Julie Ogden claims to be Edward Ogden's daughter. The relationship of the other two plaintiffs to Edward is not alleged in the complaint but in their

response to defendant's motion to dismiss, it is stated that they also are daughters. The court will assume that they are.

"Edward, not legally married, died at defendant's hospital on August 28, 2001. Plaintiffs contend that Amy Chaplin, one of defendant's employees, obtained consent from Pat Kunz for organ and tissue donation of certain parts of Edward; that Chaplin obtained Kunz's consent on the basis that Kunz was Ogden's common law wife, even though no such relationship existed and that Chaplin spoke with Julie, but did not ask her about organ and tissue donation or the marital status of Edward and Kunz. Based upon Kunz's consent, defendant harvested Edward's eyes and bone marrow, allegedly for the purpose of monetary gain and compliance with quotas.

"Plaintiffs seek actual damages based upon claims of defendant's negligent failure to properly train Chaplin, intentional infliction of emotional distress, conversion, fraud and outrage. In addition, plaintiffs seek punitive damages.

"Plaintiffs filed this case on May 23, 2003, approximately 21 months after Edward's death. Pursuant to Fed. R. Civ. P. 12(b)(6), defendant now moves for dismissal of plaintiffs' intentional infliction of emotional distress and outrage claims on the basis that they are barred by Kansas' one year statute of limitation. K.S.A. 60-514(b). Defendant also seeks dismissal of plaintiffs' fraud and conversion claims on the basis that plaintiffs cannot recover damages on those claims as a matter of law. Finally, defendant asserts that because plaintiffs have no claims upon which they can recover actual damages, their claim for punitive damages also must be dismissed. Defendant does not address plaintiffs' negligent failure to train claim.

"Plaintiffs respond that the statute of limitation on plaintiffs' intentional infliction of emotional distress and outrage claims is two years, that plaintiffs had 'quasi property rights' in Edward's body which allow them to recover damages on their fraud and conversion claims and therefore entitle them to maintain their punitive damages claim."

## ANALYSIS

Question 1: *What is the statute of limitations in Kansas on a claim for outrage and intentional infliction of emotional distress?*

We preliminarily observe that the tort of outrage is the same as the tort of intentional infliction of emotional distress under Kansas law. *Dawson v. Prager,* 276 Kan. 373, 388, 76 P.3d 1036 (2003). Plaintiffs argue that the applicable statute of limitations for this tort is 2 years. They rely primarily upon K.S.A. 2003 Supp. 60-513(a)(4) and this court's decision in *Johnston v. Farmers Alliance Mutual Ins. Co.,* 218 Kan. 543, 545 P.2d 312 (1976).

In turn, defendant argues that the statute of limitations is 1 year, relying primarily upon K.S.A. 60-514(b) and the Court of Appeals'

decision in *Curts v. Dillard's, Inc.,* 30 Kan. App. 2d 814, 48 P.3d 681 (2002).

K.S.A. 2003 Supp. 60-513(a), relied upon by plaintiffs, is the general statute of limitations for tort actions and provides for a 2-year statute of limitation period from the time the cause of action accrues. *See v. Hartley,* 257 Kan. 813, 820, 896 P.2d 1049 (1995). K.S.A. 2003 Supp. 60-513(a) lists the actions limited to 2 years, stating:

"(a) The following actions shall be brought within two years:

(1) An action for trespass upon real property.

(2) An action for taking, detaining or injuring personal property, including actions for the specific recovery thereof.

(3) An action for relief on the ground of fraud, but the cause of action shall not be deemed to have accrued until the fraud is discovered.

(4) *An action for injury to the rights of another, not arising on contract, and not herein enumerated.*

(5) An action for wrongful death.

(6) An action to recover for an ionizing radiation injury as provided in K.S.A. 60-513a, 60-513b and 60-513c, and amendments thereto.

(7) An action arising out of the rendering of or failure to render professional services by a health care provider, not arising on contract." (Emphasis added.)

Plaintiffs assert that subsection 4, as italicized above, applies to the tort in the instant case.

On the other hand, K.S.A. 60-514, relied upon by defendant, lists the actions limited to one year, stating:

"The following actions shall be brought within one year:

(a) An action for libel or slander.

(b) An action for assault, battery, malicious prosecution, or false imprisonment.

(c) An action upon statutory penalty or forfeiture.

(d) An action brought pursuant to K.S.A. 43-173. Such action shall be brought within one year from the date of discharge or threat of discharge from employment."

Among other things, defendant argues that outrageous conduct is similar in nature to the common-law tort of assault, an intentional tort, which is subject to a 1-year limitation pursuant to subparagraph (b). Plaintiffs respond that some other types of intentional conduct are nevertheless subject to the 2-year limitation pursuant to K.S.A. 2003 Supp. 60-513(a)(4) (injury to the rights of another,

not arising on contract, and not herein enumerated). See *Resolution Trust Corp. v. Scaletty*, 257 Kan. 348, 353, 891 P.2d 1110 (1995) (breach of fiduciary duty); *Rockers v. Kansas Turnpike Authority*, 268 Kan. 110, 111, 991 P.2d 889 (1999) (retaliatory discharge).

The parties also clash on the applicability of *Johnston v. Farmers Alliance Mut. Ins. Co.*, 218 Kan. 543, where the plaintiff brought suit based upon employment termination. There we considered whether his causes of action against defendants for retaliatory discharge, outrage, and tortious interference with employment contract sounded in tort or contract. As the plaintiffs point out, this court held that all the causes of action sounded in tort, and that the trial court correctly granted defendants' motions for summary judgment because the plaintiff failed to bring the action within the 2-year statute of limitations — K.S.A. 1975 Supp. 60-513(a)(4). 218 Kan. at 548.

Defendant in the instant case responds that *Johnston* is not persuasive because it allegedly does not address the specific question certified by Judge Belot in the instant case. Nevertheless, in *Lasley v. Hershey Foods Corp.*, 35 F. Supp. 2d 1319 (D. Kan. 1999), United States District Court Judge John Lungstrum cited *Johnston* to hold that a claim for intentional infliction of emotional distress was barred by the 2-year statute of limitations set forth in 60-513(a)(4). "Plaintiff does not dispute that her tort claims are governed by 60-513(a)(4) and, indeed, the Kansas Supreme Court has so held." 35 F. Supp. 2d at 1322.

A number of his federal colleagues have agreed. *Desmarteau v. City of Wichita*, 64 F. Supp. 2d 1067, 1083 (D. Kan. 1999) ("plaintiff's claim of intentional infliction of emotional distress, which is subject to a two-year limitations period under K.S.A. 60-513[a][4], is also time-barred"); *Newell v. Kmart Corp.*, No. 97-2258-KHV, 1998 WL 230966, at *6 (D. Kan. April 6, 1998) ("Defendant is correct that under K.S.A. 60-513[a][4], a tort action [for outrage] must be filed within two years from the date of the act or conduct relied upon to prove the claim."); *Manning v. Blue Cross & Blue Shield of Kansas, Inc.*, No. 86-4144-R, 1987 WL 18821, at *1-2 (D.

Kan. Aug. 17, 1987) (tort of outrage time-barred by 2-year statute of limitations contained in K.S.A. 60-513).

In addition to arguing purported distinctions in *Johnston,* the defendant largely relies upon language from a Court of Appeals case decided after *Johnston* and the federal cases noted above — *Curts v. Dillard's, Inc.,* 30 Kan. App. 2d 814, 48 P.3d 681 (2002) — and upon a federal case citing *Curts.* See *Moore v. Luther,* 291 F. Supp. 2d 1194 (D. Kan. 2003). Defendant's arguments are unpersuasive for several reasons. First, *Curts* is inapplicable. Second, and most important, this court's decision 4 years earlier in *P.W.P. v. L.S.,* 266 Kan. 417, 969 P.2d 896 (1998), clearly answers the certified question.

In *P.W.P. v. L.S.,* this court directly considered whether the statute of limitations had run in a case where a patient sued her therapist and a mental health center for negligence, intentional infliction of emotional distress, and refund of money paid for financial assistance provided to the therapist and her family. The district court held that the patient's claims for damages against the defendants were tort claims barred by the 2-year statute of limitations. This court affirmed the district court's summary judgment for defendants, specifically holding, among other things, that the statute of limitations regarding the claims against the therapist was "the period of 2 years as provided under 60-513(a)(4)." 266 Kan. at 423. We also stated that the statute of limitations regarding the claim against the mental health center, as a statutorily-defined health care provider, was the 2 years as provided under 60-513(a)(7). Accordingly, any ambiguity in *Johnston,* as argued by our defendant, was eliminated 22 years later.

None of the parties on appeal address *P.W.P.* Instead, they argue about whether *Curts* is applicable. The arguments are moot since *P.W.P.,* a decision of this court, controls the decision in *Curts.* See *Gadberry v. R.L. Polk & Co.,* 25 Kan. App. 2d 800, 808, 975 P.2d 807 (1998) (Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from that precedent).

Even absent *Johnston* and *P.W.P.,* however, *Curts* (and *Moore v. Luther* which cites *Curts*) provides no assistance to defendant

in the instant case. In *Curts,* the district court dismissed the plaintiff's claims "for false imprisonment, assault, and negligence per se as barred by the statute of limitations; and the claims of outrage and negligent infliction of emotional distress for failure to state a claim upon which relief can be granted. See K.S.A. 60-212(b)(6)." 30 Kan. App. 2d at 814.

The only issue for resolution by the *Curts* court was stated as follows at 30 Kan. App. 2d at 814: "Plaintiffs appeal only the dismissal of their claim for negligent infliction of emotional distress, claiming the trial court erred in holding their failure to allege physical injury barred the claim. We disagree and, thus, affirm the trial court. The issue facing us is narrow . . . ."

Accordingly, after considering the claim of negligent infliction of emotional distress and finding that the plaintiff had not alleged a physical injury and had not alleged that the defendant acted in a willful or wanton manner or with the intent to injure, the court upheld the district court, stating, "The trial court did not err in dismissing plaintiffs' claim of negligent infliction of emotional distress for failing to allege physical injury." 30 Kan. App. 2d at 816. The court's next sentence stated: "The claim was time barred by the 1-year statute of limitations contained in K.S.A. 60-514(b)."

The second sentence is dicta as it was unnecessary for the resolution of the "narrow issue" that was actually before the court, *i.e.,* whether the plaintiff had stated a claim under K.S.A. 60-212(b)(6) when it failed to allege physical injury. Moreover, the sentence is disapproved given our holdings in *Johnston* and *P.W.P.*

As mentioned, defendant also argues that the tort of outrage has roots in the common-law tort of assault, and thus should have the same statute of limitations as the tort of assault, citing the Restatement (Second) of Torts § 46, comment b (1965), which states:

"As indicated in Chapter 47, emotional distress may be an element of damages in many cases where other interests have been invaded, and tort liability has arisen apart from the emotional distress. Because of the fear of fictitious or trivial claims, distrust of the proof offered, and the difficulty of setting up any satisfactory boundaries to liability, the law has been slow to afford independent protection to the interest in freedom from emotional distress standing alone. It is only within recent years that the rule stated in this Section has been fully recognized as a separate and distinct basis of tort liability, without the presence of the elements necessary

to any other tort, such as assault, battery, false imprisonment, trespass to land, or the like. *This Section may be regarded as an extension of the principle involved in the rules stated in §§ 21-34 as to the tort of assault.*" (Emphasis added.)

This argument must also be rejected. As mentioned above, at least twice since this court's adoption of Section 46 in *Dawson v. Associates Financial Services Co.*, 215 Kan. 814, 529 P.2d 104 (1974), we have held the statute of limitations for the tort of outrage is 2 years, most recently in 1998. We do not now retreat from that position. Indeed, our recognition of this 2-year limitation as applied to the medical practitioner's mishandling of a corpse goes back at least to *Alderman v. Ford*, 146 Kan. 698, 72 P.2d 981 (1937).

There, a widow sought damages for mental suffering against a surgeon and his assistant for conducting an autopsy on her deceased husband's body without her consent. The surgeon had cut open the body in order to see whether he would be liable for the husband's death. The defendants filed motions to dismiss claiming no cause of action was stated; one defendant also claimed that the cause of action was barred by a 1-year statute of limitations. After the trial court granted defendants' motions, this court held that the petition was sufficient to state a cause of action and that no allegation of physical injury to plaintiff or malice or wantonness was necessary. Regarding the statute of limitations, the court concluded:

"Defendant Ford included in his demurrer the ground that the petition showed on its face that it was barred by the statute of limitations since it shows that it was not brought within one year of the date when the cause of action arose. As will be noted, we have concluded that this action is for *any injury to the rights of another* and could be maintained within two years of the time when the action arose. (See G.S. 1935, 60-306, third. . . .)" (Emphasis added.) 146 Kan. at 703.

The statute cited is a predecessor to 60-513(a)(4). In fact, since 1868 the law in Kansas has been that "an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated," is subject to a 2-year statute of limitations. See G.S. 1868, ch. 80, sec. 18.

Defendant directs us to several other states' court decisions whose holdings we need not address since our position from *P. W.P.*

and other case law is clear. In short, the 1 year limitation under K.S.A. 60-514 does not apply to this claim for outrage and intentional infliction of emotional distress. Instead, under K.S.A. 2003 Supp. 60-513(a)(4), the statute of limitations is 2 years.

Therefore, the answer to the first certified question is: The statute of limitations on a claim of outrage and intentional infliction of emotional distress is 2 years.

Question 2: *If the statute of limitations is 1 year, does this ruling apply retroactively or prospectively?*

Because we hold that the statute of limitations is 2 years, this question is moot.